# CHESAPEAKE AND OHIO RAILWAY COMPANY *v.* MC-CABE, ADMINISTRATRIX.

ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 89. Argued January 25, 1909.—Decided April 5, 1909.

Where the case goes more than once to the highest court of the State only the last judgment is the final one.

Where the highest court of the State reverses an order of an inferior state court removing a cause and remands the case to the state court for trial, and, after trial and verdict for plaintiff, the judgment is sustained by the highest court, the last judgment is the only final one to which the writ of error will run from this court; defendant cannot .

prosecute a writ of error to the judgment remanding the cause. *Schlosser* v. *Hemphill,* 198 U. S. 173.

The United States Circuit Court has jurisdiction to determine for itself the removability of a cause and may take jurisdiction thereof and protect such jurisdiction even though the state court refuse to make the removal order; and a final judgment, rendered by and under such conditions by the Circuit Court, cannot be reviewed by the state court, but such judgment is binding on the state court until reversed by this court.

While a petitioner, if the state court denies his petition for removal, may remain in that court and bring the case here for review on writ of error after final judgment, he is not obliged so to do, but may file the record in the Circuit Court, and that court has jurisdiction to determine the question of removability and, notwithstanding § 720, Rev. Stat., it may protect its jurisdiction by injunction against further proceedings in the state court. *Traction Co.* v. *Mining Co.,* 196 U. S. 239.

A judgment rendered by the Circuit Court under such conditions is not void even if jurisdiction be improperly assumed and retained, as the jurisdictional question can be reviewed by this court, and, until reversed, the judgment is binding on the state court and cannot be treated as a nullity. *Dowell* v. *Appelgate,* 152 U. S. 327.

THIS action was brought September 27, 1901, by the defendant in error in the Mason County Circuit Court of Kentucky against the Chesapeake and Ohio Railway Company, a Virginia corporation, and the Maysville and Big Sandy Railroad Company of Kentucky, to recover damages for the death of her intestate, by the negligence, as it is alleged, of the Chesapeake and Ohio Railway Company, in operating one of its trains over a railroad track, which had been leased to it by the other company.

The allegations of the petition in substance are that the intestate of defendant in error received injuries which caused his death by being negligently run into by a train operated by the Chesapeake and Ohio Railway Company. And negligence is charged against the Maysville and Big Sandy Railroad Company, in permitting its tracks to be used by the other company. It alleges that more than twelve months before the injuries to her intestate the Maysville and Big Sandy Railroad Company

leased and transferred its entire line to the Chesapeake and Ohio Railway Company, and that the latter has had since that time the exclusive possession and control of it; that by the laws of Kentucky the lease and transfer were *ultra vires* and void; that in December, 1893, under § 211 of the constitution of Kentucky, and under § 841 of the statute of the State, the Chesapeake and Ohio Railway Company became a corporation, citizen and resident of the State, by filing in the office of the Secretary of State, and in the office of the Railroad Commissioner, copies of its articles of incorporation, and that thereupon a certificate of incorporation was issued to it by the Secretary of State. The petition further alleges that the railroad track was laid in Third street in Maysville under an ordinance from the city authorities; that the railroad occupied the whole street, so as to render it unfit for travel by wagons or vehicles; that the city authorities were without power to authorize such use of the street, and that the ordinance was void, and the operation of the trains on the street was illegal.

On December 11, 1901, the Chesapeake and Ohio Railway Company filed a petition to remove the action to the Circuit Court of the United States for the Eastern District of Kentucky. The petition set up that the Chesapeake and Ohio Railway Company was a Virginia corporation; that the suit was of a civil nature; that the amount involved exceeded $2,000; that in the suit there was a controversy which was wholly between citizens of different States, to wit, between the Chesapeake and Ohio Railway Company, a citizen of Virginia, and the plaintiff in the suit, who was a citizen of the State of Kentucky. It was further alleged that the Maysville and Big Sandy Railroad Company was not a necessary party to the suit, but was made a defendant therein "for the sole and simple purpose" of preventing the Chesapeake and Ohio Railway Company from removing the suit to the Circuit Court of the United States, and thereby unlawfully, wrongfully and fraudulently depriving it of a right conferred by the Constitution and laws of the United States.

Petitioner quotes all the allegations of the plaintiff connecting the Maysville and Big Sandy Company with liability, and avers that "each and all of them" were "untrue and palpably so, and were known to the plaintiff to be untrue" when made in the original and amended petition. Petitioner alleges that by reason of its charter and amendments thereto, and partly of the act of February 17, 1866, entitled "An act authorizing the sale of the Maysville and Big Sandy Railroad, and providing for the organization of a new company under its charter to construct said road," (Session Acts, 1866, page 644), and of the General Laws of the State of Kentucky, the Maysville and Big Sandy Railroad Company, which petitioner states was reorganized under said act and laws, before the making of said contract and lease, had full authority to make the same, and that petitioner was operating the railway under the same at the time of the injury complained of. And the petitioner finally "charges and avers that the allegations of the plaintiff's petition and amended petition, hereinbefore recited and controverted, were made and its co-defendant was made defendant to this action, and was sued for the injury complained of herein, for the sole and fraudulent purpose of depriving this defendant of the right to remove this action to the Federal court for the Eastern District of Kentucky, and of depriving that court of its jurisdiction."

The petition was granted and the clerk of the court on the fourteenth of December, 1901, was directed to make up the record of said cause for transmission to the Circuit Court of the United States for the Eastern District of Kentucky. The plaintiff in the case excepted to the order and subsequently made a motion to set it aside, which was denied. An appeal from the order to the Court of Appeals was immediately granted, which court, on the fifth of March, 1902, reversed the order and remanded the case for trial. 112 Kentucky, 186. The trial was had and the jury instructed by the court to find in favor of the defendant. This judgment was reversed by the Court of Appeals. 28 Ky. Law Rep. 536. Another trial was had, result-

ing in a verdict and judgment for plaintiff in the sum of $2,500. The judgment was sustained by the Court of Appeals. 30 Ky. Law Rep. 1009. To this judgment the writ of error in the present case was taken.

·The record further shows that after the appeal from the order of removal plaintiff in error filed a transcript of the record in the Circuit Court of the United States for the Eastern District of Kentucky, and the case was duly docketed. After the decision of the Court of Appeals of Kentucky, reversing the order of the Mason County Circuit Court, removing the case to the Circuit Court of the United States, plaintiff filed in the latter court a motion to remand the case to the state court. On October 19, 1903, that motion was overruled.

On April 4, 1904, the Chesapeake and Ohio Railway Company filed in the Circuit Court of the United States its answer to the petition of the plaintiff, and on motion of the latter the cause was set down for trial April 12. On the latter date the Chesapeake and Ohio Railway Company moved for judgment of dismissal of the suit on the face of the pleadings. This motion was granted, and also a demurrer of the Maysville and Big Sandy Railroad Company was sustained to the petitions and judgment rendered.

On November 17, 1903, plaintiff in error offered for filing an answer in the Mason County Circuit Court, which set up the petition for removal, and the order thereon removing the cause to the Circuit Court of the United States, the filing in the latter court of the transcript of the record and the docketing of the cause the thirteenth of January, 1902. The answer alleged also that on motion of the defendants a rule was issued against the plaintiff to show cause why she should not be required to give bond for costs or make a deposit of money in lieu thereof, that the plaintiff filed a response thereto, and after the decision of the Court of Appeals of Kentucky, reversing the order removing the cause to the Circuit Court of the United States appeared by her counsel in the latter court, filed a petition to remand the case to the state court, a brief in support thereof, the opinion

of the Court of Appeals, and that on the nineteenth of October, 1903, the motion was denied.

The motion to file the answer was denied by the state court, but by order of the court it was made part of the record.

Notwithstanding the judgment of April 12, 1904, of the Circuit Court of the United States dismissing the action, the case remained on the docket of the state court, and before it was called for trial again the defendants therein (plaintiffs in error here) tendered an amended answer, setting out all the proceedings in the Circuit Court of the United States, attaching thereto copies of the judgments of that court, and alleging that they were in "force and effect unreversed," and pleaded "the same to plaintiff's recovery against them and each of them in said action." The court refused to let the answer be filed but ordered that it be made part of the record.

*Mr. E. L. Worthington,* with whom *Mr. W. H. Wadsworth* and *Mr. W. D. Cochran* were on the brief, for plaintiff in error:

The judgment of the United States court in this action was not void, even if the Federal court erred in taking jurisdiction, and if not void, then however erroneous it may have been, it was, until reversed, a bar to further proceedings, on the same cause of action, in the state court. *Dowell* v. *Applegate,* 152 U. S. 327; *Des Moines Navigation Co.* v. *Iowa Homestead Co.,* 123 U. S. 552; *Kern* v. *Huidekoper,* 103 U. S. 485; *Northern Pacific R. R. Co.* v. *McMullen,* 86 Wisconsin, 501.

A petition for removal and bond constitute the process by which a case is transferred from a state to a Federal court. *Kinney* v. *Columbia Savings & Loan Asso.,* 191 U. S. 78; *Ex parte Wisner,* 203 U. S. 449. A motion to remand is an objection to the sufficiency of the process. When a party comes into a Federal court and objects to the sufficiency of the process by which it was sought to bring him before the court, it is, in substance, a motion to quash the process. When a motion to quash a process is made and overruled, the question of the sufficiency of the process is *res judicata* between the parties.

*Mr. Allan D. Cole,* with whom *Mr. W. T. Cole* was on the brief, for defendant in error:

The judgment of the United States Circuit Court for the Eastern District of Kentucky, pleaded in bar herein, is a nullity. *Dexter, Horton & Co.* v. *Sayward,* 84 Fed. Rep. 299; *Amory* v. *Amory,* 95 U. S. 186; *Insurance Co.* v. *Pechner,* 95 U. S. 183; *Stone* v. *South Carolina,* 117 U. S. 430; *Carson* v. *Hyatt,* 118 U. S. 279; *Metcalf* v. *Watertown,* 128 U. S. 586; *Stevens* v. *Nichols,* 130 U. S. 230; *Crehore* v. *Railway Co.,* 131 U. S. 240; *Jackson* v. *Allen,* 132 U. S. 27; *Graves* v. *Corbin,* 132 U. S. 571.

Where it appears affirmatively by its own record that a court did not have jurisdiction of the cause, its judgment is not merely voidable but is an absolute nullity. *Dexter, Horton & Co.* v. *Sayward,* 84 Fed. Rep. 299; citing: *Galpin* v. *Page,* 18 Wall. 350; *Windsor* v. *McVeigh,* 93 U. S. 277; *Pennoyer* v. *Neff,* 95 U. S. 714; *Settlemeir* v. *Sullivan,* 97 U. S. 444; *In re Ayers,* 123 U. S. 443; *In re Sawyer,* 124 U. S. 200; *Hovey* v. *Elliott,* 167 U. S. 409.

Where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and, whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But, if it acts without authority, its judgment and orders are not voidable, but simply void. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers. *Elliott* v. *Piersol,* 1 Pet. 328, 342. See also *Hickey* v. *Stewart,* 3 How. 750, 763; *Williamson* v. *Berry,* 8 How. 495–565; *Thompson* v. *Whitman,* 18 Wall. 457, 471; *In re Sawyer,* 124 U. S. 200, 225; *Guarantee Trust & Safe Deposit Co.* v. *Green Cove Springs & M. R. Co.,* 139 U. S. 137–151.

Mr. JUSTICE DAY, after making the foregoing statement, delivered the opinion of the court.

From the foregoing statement it is apparent that the princi-

pal question in this case, and it is the one which we regard as decisive of it, concerns the effect of the judgment rendered in the Circuit Court of the United States after it had taken jurisdiction, which was undertaken to be set up in the state court as a bar to further proceedings therein. It is contended by the defendant in error that when the Court of Appeals of Kentucky rendered its judgment holding that the case was not a removable one (March 5, 1902), that was a final judgment upon the question of jurisdiction, and the case should have been brought here for review and determination. But we are of opinion that this contention is not tenable. The case was three times in the Court of Appeals of Kentucky, and only the last judgment in that court was a final one. As we have seen, the state Circuit Court, in which the action was originally begun, held the case was a removable one, and from that order an appeal was prosecuted to the Court of Appeals of Kentucky, that court, concluding that both railroads could be properly joined in the action, held that the case was not removable, and remanded the same to the state court for further proceedings.

Upon the second appeal the judgment for the plaintiff below was reversed, and the cause remanded for a new trial. Upon the third trial a judgment was rendered in favor of the plaintiff below for damages, which was affirmed in the Court of Appeals of Kentucky, to which judgment this writ of error is prosecuted. Nor is it material that the state supreme court regarded itself as bound by the decision in the former appeal as the law of the case and declined in the judgment now under review to again consider the question. The judgment under review was the only final judgment in the appellate court of the State from which plaintiff in error could prosecute a writ of error, and until such final judgment the case could not have been brought here for review. *Schlosser* v. *Hemphill*, 198 U. S. 173, and cases therein cited.

The Circuit Court of the United States having taken jurisdiction of the case upon the removal, and having refused to remand it, and proceeded to final judgment, should the state

court, when that judgment was offered to be pleaded before it, have given effect to the judgment? That is the Federal question presented in this case.· It is insisted for the defendant in error that the right of removal depends upon the presentation to the state court of a proper petition for removal, which petition should contain the essential allegations necessary to make out a case under the statute for that purpose, and that unless· this is done the jurisdiction of the state court is not divested. And in aid of that contention cases are cited which hold that a plaintiff has the right to make a cause of action joint when acting in good faith, and when he has so made it, the action is deemed to be joint for the purpose of determining the right of removal. *Alabama Great Southern Railway Co.* v. *Thompson,* 200 U. S. 206; *Cincinnati, New Orleans & Texas Pacific Railway Co.* v. *Bohon,* 200 U. S. 221. And inasmuch as the state court has held that the Maysville and Big Sandy Railroad Company, under the law of Kentucky, could, be properly joined as defendant with the Chesapeake and Ohio Railway Company in this case, it is insisted that the plaintiff had a right to sue both companies, and that the averment in the petition for removal, that the joinder was fraudulent, goes for nothing in the absence of a showing of facts which make such joinder fraudulent in fact. *Wecker* v. *National Enameling & Stamping Co.,* 204 U. S. 176.

It is insisted that this contention is supported by a line of cases in this court, which have held that a state court is not bound to surrender its jurisdiction until a petition for removal has been filed which upon its face shows that the petitioner has a right to the transfer of the cause. °And it is contended that the petition in this case, in view of the decision of the Court of Appeals of Kentucky as to the right to prosecute a joint cause of action, did not make a case for removal, and, therefore, the state court did not lose its jurisdiction. To maintain the general proposition that a petition making a case for removal upon its face· is essential to confer jurisdiction upon the United States Circuit Court attention is called to a number of cases decided in this court: *Stone* v. *South Carolina,* 117 U. S. 430; *Carson* v.

*Hyatt & another,* 118 U. S. 279; *Stevens* v. *Nichols,* 130 U. S. 230; *Crehore* v. *Ohio & Mississippi Railway Co.,* 131 U. S. 240; *Jackson* v. *Allen,* 132 U. S. 27; *Graves* v. *Corbin,* 132 U. S. 571.

In these cases the jurisdiction of the state courts was maintained for the want of an adequate petition showing facts which required an order of removal. In none of them was involved the effect of the judgment of a United States Circuit Court taking jurisdiction upon removal, unreversed and in full force and effect. That the Circuit Court of the United States may determine the question of the right of removal is conclusively shown by the terms of the statute governing the subject. In § 3 of the removal act (1 Comp. Stat. 510) it is provided that, a petition and bond being entered in the Circuit Court of the United States, the cause shall proceed in the same manner as if it had originally been commenced in the Circuit Court. And in § 5 of the act it is provided that the Circuit Court of the United States may at any time that it appears that it does not really and substantially involve a dispute or controversy properly within the jurisdiction of the Circuit Court, or that the parties to the suit have been improperly and collusively joined for the purpose of creating a case removable under the act, remand and dismiss the same as justice may require. Section 7 of the act of 1875 (1 Comp. Stat. 512) provides that a Circuit Court, in any case removable under the act, shall have power to issue a writ of certiorari to the state court, commanding that court to make return of the record in any cause removed as aforesaid, or in which any one or more of the plaintiffs or defendants have complied with the provisions of the act for the removal of the same, and enforce such writ according to law.

It is apparent that these provisions are intended to confer jurisdiction upon the United States Circuit Court to determine for itself the removability of a given cause, and it has been accordingly held in this court that, notwithstanding the refusal of the state court to remove the case, the party desiring the removal may file a transcript of the record in the Circuit Court of the United States, and if the case was a removable one it is

immaterial that the state court has denied the petition for removal. *Kern* v. *Huidekoper*, 103 U. S. 485, and cases therein cited. And it was held in *Traction Company* v. *Mining Co.*, 196 U. S. 239, that notwithstanding the refusal of the state court to make an order of removal, the controversy being removable to the United States Circuit Court, that court might protect its jurisdiction by injunction against further proceedings' in the state court.

In view of these provisions of the statute and the decisions of this court construing the same we think it was the intention of Congress to confer upon the Circuit Court of the United States a right to determine the removability of a cause, independently of the jurisdiction and determination of the state courts. And while it is true that when the judgment of a state court is under consideration it may properly be held that the courts of the State are not obliged to surrender their jurisdiction until a petition is filed making a proper ground for removal, it does not follow that, when the jurisdiction of the Circuit Court of the United States is invoked, its judgment holding a case removable and rendering a final judgment therein, can be disregarded by the state court where it is properly set up before judgment, as was done in the present case. If this be not so, the state court may ignore an unreversed judgment of the United States Circuit Court deciding a question of Federal jurisdiction within the power conferred upon it by Congress, and wherein it was intended to give to the state court no right to review such action, and wherein the judgment is binding until properly reversed in this court, in which the question of jurisdiction can alone be finally settled, whether brought here from a state or Federal court.

The Circuit Court of the United States having an independent jurisdiction to determine the removability of the cause, what is the proper procedure when, as has sometimes happened, the Federal court differs from the state court upon this question? This question was dealt with in *Railroad Company* v. *Koontz*, 104 U. S. 5, 15, wherein Mr. Chief Justice Waite, speaking for the court, said:

"The right to remove is derived from a law of the United States, and whether a case is made for removal is a Federal question. If, after a case has been made, the state court forces the petitioning party to trial and judgment, and the highest court of the State sustains the judgment, he is entitled to his writ of error to this court if he saves the question on the record. If a reversal is had here on account of that error the case is sent back to the state court with instructions to recognize the removal, and proceed no further. Such was, in effect, the order in *Gordon* v. *Longest*, 16 Pet. 97. The petitioning party has the right to remain in the state court under protest, and rely on this form of remedy if he chooses, or he may enter the record in the Circuit Court and require the adverse party to litigate with him there, even while the state court is going on. This was actually done in the Removal Cases. When the suit is docketed in the Circuit Court, the adverse party may move to remand. If his motion is decided against him, he may save his point on the record, and after final judgment bring the case here for review, if the amount involved is sufficient for our jurisdiction. If, in such a case, we think his motion should have been granted, we reverse the judgment of the Circuit Court, and direct that the suit be sent back to the state court, to be proceeded with there as if no removal had been had. If the motion to remand is decided by the Circuit Court against the petitioning party, he can at once bring the case here by writ of error or appeal for a review of that decision, without regard to the amount in controversy. *Babbit* v. *Clark*, 103 U. S. 606. If, in such a case, we reverse the order of the Circuit Court to remand, our instructions to that court are, as in *Relfe* v. *Rundle*, 103 U. S. 222, to proceed according to law, as with a pending suit within its jurisdiction by removal."

So far as the case now before us is concerned it is immaterial that under the act of March 3, 1887, the decision of a Circuit Court of the United States remanding a case to the state court is final. *Missouri Pacific Railway Company* v. *Fitzgerald*, 160 U. S. 556.

Again, speaking for the court on the same subject, in *Burlington &c. Railway Co.* v. *Dunn*, 122 U. S. 513, 516, Mr. Chief Justice Waite said:

"But even though the state court should refuse to stop proceedings, the petitioning party may enter a copy of the record of that court, as it stood on the filing of his petition in the Circuit Court, and have the suit docketed there. If the Circuit Court errs in taking jurisdiction, the other side may bring the decision here for review, after final judgment or decree, if the value of the matter in dispute is sufficient in amount."

From these decisions it is apparent that, while the petitioner, in the event of an adverse decision, in the state court, may remain in that court, and after a final judgment therein bring the case here for review, he is not obliged to do so. He may file the record in the Circuit Court of the United States, as was said by Mr. Chief Justice Waite, while the case is going on in the state court. The Federal statute then gives to the United States Circuit Court jurisdiction to determine the question of removability, and it has the power, not given to the state court, to protect its jurisdiction, notwithstanding § 720 of the Revised Statutes, by an injunction against further proceedings in the state courts. *Traction Company* v. *Mining Company*, 196 U. S. 239.

In order to prevent unseemly conflict of jurisdiction it would seem that the state court in such cases should withhold its further exercise of jurisdiction until the decision of the Circuit Court of the United States is reviewed in this court. If the Federal jurisdiction is not sustained the case will be remanded with instructions that it be sent back to the state court as if no removal had been had. *Railroad Company* v. *Koontz, supra.*

Conceding that, except for the principle of comity, the state court may decide the question of jurisdiction for itself, in the absence of an injunction from the Federal court in aid of its own jurisdiction, or a writ of certiorari requiring the state court to surrender the record under the act of 1875, is the state court obliged to give effect to the judgment of the United States Cir-

cuit Court, from which no writ of error is taken, and rendered in the Federal court after it has sustained its own jurisdiction and refused to remand the action?

In view of the fact that the question is a Federal one, and that the state court is given no right to review or control the exercise of the jurisdiction of the Federal court, we think that such Federal judgment cannot be ignored in the state court as one absolutely void for want of jurisdiction, and that such judgment, until reversed by a proper proceeding in this court, is binding upon the parties, and must be given force when set up in the action. This view is sustained in the former decisions of this court upon the subject. In *Des Moines Navigation Company* v. *Iowa Homestead Company*, 123 U. S. 552, this court considered the effect of a judgment rendered in the Federal court upon removal from the state court. In that case it appeared that the Federal court ought not in fact to have taken jurisdiction, for it appeared upon the face of the record that some of the defendants who did not join in the petition for removal were citizens of the same State as the plaintiff. The state court of Iowa refused to give effect to the judgment of the Federal court, and its judgment was reversed. Mr. Chief Justice Waite, speaking for the court, said (123 U. S. 559):

"Whether in such a case the suit could be removed was a question for the Circuit Court to decide when it was called on to take jurisdiction. If it kept the case when it ought to have been remanded, or if it proceeded to adjudicate on matters in dispute between two citizens of Iowa, when it ought to have confined itself to those between the citizens of Iowa and the citizens of New York, its final decree in the suit could have been reversed, on appeal, as erroneous, but the decree would not have been a nullity. To determine whether the suit was removable in whole or in part or not, was certainly within the power of the Circuit Court. The decision of that question was the exercise and the rightful exercise of jurisdiction, no matter whether in favor of or against taking the cause. Whether its

decision was right, in this or any other respect, was to be finally determined by this court on appeal."

In *Dowell* v. *Applegate,* 152 U. S. 327, the benefit of a judgment in the Circuit Court of the United States was claimed. That judgment was the basis of a conveyance to the plaintiff in error, and it was contended that the conveyance was void, inasmuch as the Federal court had no jurisdiction of the suit in which the sale was ordered. It was held in this court that even if the Federal court erred in assuming or retaining jurisdiction of the suit, its decree being unmodified and unreversed, could not be treated as a nullity. After citing previous decisions of this court, the court, speaking through Mr. Justice Harlan, said (152 U. S. 340):

"These cases establish the doctrine that, although the presumption in every stage of a cause in a Circuit Court of the United States is that the court is without jurisdiction unless the contrary affirmatively appears from the record, *Börs* v. *Preston,* 111 U. S. 252, 255, and the authorities there cited, yet, if such jurisdiction does not so appear, the judgment or final decree cannot, for that reason, be collaterally attacked, or treated as a nullity.

"These authorities, above cited, it is said, do not meet the present case, because the ground on which, it is claimed, the Federal court assumed jurisdiction was insufficient in law to make this case one arising under the laws of the United States. But that was a question which the Circuit Court of the United States was competent to determine in the first instance. Its determination of it was the exercise of jurisdiction. Even if that court erred in entertaining jurisdiction, its determination of that matter was conclusive upon the parties before it, and could not be questioned by them, or either of them, collaterally, or otherwise than on writ of error or appeal to this court."

Applying these principles to the case at bar, we think the state court erred in refusing to give effect to the judgment set up in the answer offered in the state court. When the application for removal was made in the state Circuit Court that court

held the case removable, and the record was filed in the Federal court. Afterwards that court, upon the application of the plaintiff, refused to remand the suit, and proceeded to a final determination thereof, and rendered judgment accordingly.

It is not necessary to determine whether the case was removable or not. The Federal court was given jurisdiction to determine that question, it did determine it, and its judgment was conclusive upon the parties before it, until reversed by a proper proceeding in this court. Instead of bringing the case here the plaintiff proceeded in the state court, and that court denied effect to the Federal judgment. The plaintiff in error lost no right when thus compelled to remain in the state court, notwithstanding the Federal judgment in his favor, and brought the suit here by writ of error to the final judgment of the state court, denying his right secured by the Federal judgment. It was open to the plaintiff to bring the adverse decision of the Federal court on the question of jurisdiction to this court for review. This course was not pursued, but the action proceeded in the state court evidently upon the theory that the judgment of the Federal court was a nullity if it had erred in taking jurisdiction. For the reasons stated we think this hypothesis is not maintainable.

*The judgment of the Court of Appeals of Kentucky is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.*

Dissenting: MR. JUSTICE McKENNA.