## IOWA CENTRAL RAILWAY COMPANY *v.* BACON, ADMINISTRATOR OF LOCKHART.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 130. Submitted January 19, 1915.—Decided February 23, 1915.

If the suit be one of which the Circuit Court can rightfully take jurisdiction, the state court loses jurisdiction on the filing of the petition and bond, and subsequent proceedings in that court are void; but if on the face of the record, including the petition for removal, it does not appear that the suit is removable, the state court is not bound to surrender its jurisdiction and may proceed as if no application for removal had been made. *Traction Co.* v. *Mining Co.*, 196 U. S. 239.

Although the petition may allege that plaintiff sustained damages in excess of two thousand dollars, if the prayer for recovery is for less than that sum, the jurisdictional amount is not involved, and the filing of a petition and bond does not effect a removal of the case.

Although the Federal court may have made orders continuing a case in which a petition and bond had been filed, and even dismissed it for want of prosecution, if the question of its authority had never been presented to or decided by it, the state court is not bound to respect such orders as conclusive of the question of jurisdiction; and so *held* in a case which on the face of the record was not removable as the amount claimed was less than $2,000, although the damages were stated in the petition as having exceeded that sum. *Chesapeake & Ohio Ry.* v. *McCabe*, 213 U. S. 207, distinguished.

157 Iowa, 493, affirmed.

THE facts, which involve the jurisdiction of the state and Federal courts and the effect of an attempted re-

moval of the case to the Federal court where the amount in controversy was less than $2,000, are stated in the opinion.

Mr. *William H. Bremner* and Mr. *F. M. Miner* for plaintiff in error:

After the removal to the United States court the amount in controversy would be for determination by the Federal court under the rules of practice prevailing in that court.

The original notice fixed the amount which would be claimed by the plaintiff at ten thousand dollars.

Under statutes similar to the statutes of Iowa after an answer has been filed the prayer for relief becomes immaterial and the court may give judgment for such an amount as is consistent with the issues made and the proof. *Marquat* v. *Marquat*, 2 Kern. (12 N. Y. 336); 1 Bates' Pleading 315; *Erck* v. *Omaha National Bank* (Nebr.), 62 N. W. Rep. 67.

The prayer for relief forms no part of the petition and the sufficiency and character thereof, as well as the amount involved, must be determined from the facts stated and not from the prayer for relief. *Henry* v. *McKittrick*, 42 Kansas, 485; *Tiffin Glass Co.* v. *Stoehr*, 54 Oh. St. 157.

The Supreme Court of Iowa had, prior to the decision in this case, in various opinions held that the plaintiff was not limited to the relief asked by his petition. *Wilson* v. *Miller*, 16 Iowa, 111; *Marder* v. *Wright*, 70 Iowa, 42; *Johnson* v. *Rider*, 84 Iowa, 50.

The state court was without jurisdiction, the case having been actually removed to the United States Circuit Court and that court having determined it had jurisdiction thereof.

After the filing of the transcript in the United States court the case was continued from term to term.

The fact that no order directing the removal of the case was entered by the state court is immaterial, as such an

order or the failure to make such an order does not affect the question of removal. *Brigham* v. *Thompson*, 55 Fed. Rep. 881; *State* v. *Coosaw Mining Co.*, 45 Fed. Rep. 804–809; *LaPage* v. *Day*, 74 Fed. Rep. 977; *Kern* v. *Huidekoper*, 103 U. S. 485; *Eisemann* v. *Delmar Mining Co.*, 87 Fed. Rep. 248; *Loop* v. *Winter*, 115 Fed. Rep. 362; *Van Horne* v. *Litchfield*, 70 Iowa, 11; *Byson* v. *McPherson*, 71 Iowa, 437; *Ohle* v. *C. & N. W. Ry.*, 64 Iowa, 599; *Chambers* v. *Ill. Cent. Ry.*, 104 Iowa, 238; *Myers* v. *C. & N. W. Ry.*, 118 Iowa, 312, 325; *Turner* v. *Farmers' L. & T. Co.*, 106 U. S. 552; *Marshall* v. *Holmes*, 141 U. S. 589, 595.

The case was actually removed, whether rightfully or not, and the state court lost jurisdiction by such removal and could only recover jurisdiction by remand from the Federal court or the commencement of a new action. *State* v. *Coosaw Mining Co.*, 45 Fed. Rep. 804, 809; *C. & O. Ry.* v. *McCabe*, 213 U. S. 207.

If the Federal court was without jurisdiction because the case was not removable, the remedy of the plaintiff was by moving to remand in the Federal court. *Turner* v. *Farmers' L. & T. Co.*, 106 U. S. 552, 555; *C. & O. Ry.* v. *McCabe*, 213 U. S. 207, 218; *Des Moines Nav. Co.* v. *Iowa Homestead Co.*, 123 U. S. 552, 559; *Judge* v. *Arlen*, 71 Iowa, 186.

The cases cited show that as a petition for removal sufficient in all respects and in proper form, with a good and sufficient bond has been filed, the case was removed, and thereafter only the Federal court could determine whether or not it had jurisdiction.

The judgment for costs entered by the United States court in favor of the plaintiff in error is still in full force and effect, never having been set aside or reversed and cannot be treated as a nullity.

The effect of the decision by the Supreme Court of Iowa is to hold that the judgment of the United States court is

a nullity and the action of the state courts amounts to a refusal to give effect to a valid existing judgment of a United States court.

*Mr. E. Elmer Mitchell, Mr. L. T. Shangle, Mr. D. C. Waggoner* and *Mr. J. N. McCoy* for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

The defendant in error, as Administrator of Martin W. Lockhart, deceased, brought an action on September 22, 1905, in the District Court of Iowa in and for the County of Mahaska, to recover damages for the alleged wrongful killing of his intestate. In the petition it was alleged that the estate had been damaged in the sum of $10,000, but judgment was asked only for the sum of $1,990. On September 30, 1905, the Railway Company filed its answer, and on October 2, 1905, within the time required by law, filed a petition for removal of the cause to the United States Circuit Court in and for the Southern District of Iowa, on the ground of diversity of citizenship, alleging that the amount in controversy exceeded, with interest and costs, the sum of $2,000. The petition was accompanied by a bond.

The District Court of Mahaska County did not enter any order directing the removal of the case, but on March 29, 1906, there was filed in the office of the Clerk of the United States Circuit Court for the Southern District of Iowa a transcript of the proceedings in the case. After the filing of the transcript in the Federal court, the case was continued from term to term, until, on December 5, 1908, an order to notice said case for trial at the next term or show cause why it should not be dismissed was entered, and the Clerk was directed to mail and serve a copy of said order on the parties. On May 11, 1909, the Circuit Court of the United States entered an order dismissing the cause

for want of prosecution at the plaintiff's costs, and the defendant was given judgment for its costs.

Afterwards, on September 19, 1910, the plaintiff filed in the office of the District Court of Mahaska County an amended and substituted petition. On October 6, 1910, the District Court entered an order, denying the application of the defendant for a removal of the cause to the United States court on the ground that the amount in controversy, exclusive of interest and costs, was less than $2,000. The application for removal was the one filed on October 2, 1905. On February 28, 1911, the Railway Company filed a motion to dismiss the case and to strike from the files all pleadings filed subsequent to September 1, 1905, on the ground that the case had been removed to the United States Circuit Court. Attached to the motion was a certified copy of the record in the United States court. This motion was denied and afterwards the case went to trial in the state court, and upon verdict of the jury a judgment was rendered against the Railway Company. The case was taken to the Supreme Court of Iowa and that court affirmed the judgment of the lower court. (157 Iowa, 493.) The case was brought here, and the Federal question presented is whether the state court had lost its jurisdiction by the attempted removal to the United States Circuit Court.

It was of course essential to the removal of the case that the amount in controversy should have been sufficient to give the Federal court jurisdiction; that is to say, $2,000, exclusive of interest and costs. The state court had authority to determine the effect of the prayer to the petition and it decided that, under the petition, no more than the amount prayed for could be recovered in the action, notwithstanding the statement that the estate had suffered damage in the sum of $10,000. It is contended that, nevertheless, the proceedings in this case show that the case was removed to the United States Circuit Court, and in-

asmuch as the state court lost jurisdiction, its subsequent proceedings are null and void.

In *Traction Company* v. *Mining Company*, 196 U. S. 239, this court said, citing many previous cases, that certain principles relating to the removal of causes had been settled by the former adjudications of the court. One is that if the suit be one in which the Circuit Court could rightfully take jurisdiction, then upon the filing of the petition for removal in due time, with sufficient bond, the case is in law removed, and the state court loses jurisdiction to proceed further and all subsequent proceedings therein are void. Furthermore, that if, upon the face of the record, including the petition for removal, the suit does not appear to be removable, then the state court is not bound to surrender its jurisdiction, and may proceed as if no application for removal had been made. See also the previous cases in this court cited in the *Traction Company Case*, at pages 244 and 245.

Applying these principles, it is apparent that the case now under consideration was not upon the face of the record a removable one. The prayer for recovery was for $1,990, and consequently the amount required to give jurisdiction to the Federal court was not involved. The filing of the petition and bond did not therefore effect a removal of the case.

But it is contended that this case is governed by *Chesapeake & Ohio Ry.* v. *McCabe*, 213 U. S. 207, because the United States court had determined, as it had authority to, that the case was a removable one, and that so long as that judgment stood, the state court had lost its jurisdiction, and had no power to proceed further in the case. In the *McCabe Case*, where the state court refused to order the removal of the case upon a transcript being filed, the Federal court held that it had jurisdiction in the case and proceeded to render a judgment therein; and when this adjudication was brought to the attention of the state

court, it refused to give it force, and proceeded to adjudge the case upon its own view of jurisdiction. This court held that the state court was bound to give weight to the judgment of the Federal court deciding that it had jurisdiction, and that the judgment, until reversed, was conclusive upon the state court as to the jurisdiction of the Federal court.

But no such case is presented here. The Federal court, it is true, more than once made an order continuing the case, and finally dismissed it for want of prosecution. The question of its authority to take jurisdiction was never presented or decided in the Federal court, and there is nothing in the orders made conclusive of that question in such sense that the state court was bound to respect it.

As the record upon its face made no case for removal the state court was right in retaining its jurisdiction, and proceeding to determine and adjudge the case. The judgment is

*Affirmed.*