CIVIDANES, PETITIONER, *v.* DISTRICT COURT OF GUAYAMA, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Guayama, Hon. Gabriel Castejón, Judge.—Motion for Reconsideration.

No. 431.—Decided December 11, 1923.

REMOVAL OF CAUSE—SUSPENSION OF PROCEEDINGS—JURISDICTION.—When a motion for removal to the United States District Court is made in an insular court the latter is bound to decide the question of jurisdiction for itself, but when after that decision it is shown to the satisfaction of the insular court

that a motion for removal is pending before the United States District Court, the insular court should suspend proceedings until the United States District Court has had an opportunity to act.

The facts are stated in the opinion.

Mr. L. Muñoz Morales for the petitioner.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

We are in complete accord with the petitioner and with the court below that a firm is an entity in Porto Rico. People v. Rivera Zayas, 29 P. R. R. 423. Differently from that case, in this one the District Court of Guayama over-ruled the motion for removal. Such an order we hold was well made, but thereafter an application was shown to be pending before the District Court of the United States for Porto Rico, and we likewise hold that the district court, on petition, did well to suspend further proceedings until further order. Perhaps the court should not have used the words "sine die," but we understand them to be superfluous.

The court did not surrender jurisdiction, as petitioner here seems to think. It suspended proceedings until the principal question should be decided by the United States Court. As we intimated in People v. Rivera Zayas, supra, by a citation to Chesapeake & Ohio Ry. Co. v. McCabe, 213 U. S. 219, and others, if the District Court of the United States decides that it has jurisdiction, the local court should suspend proceedings. Nevertheless, the local court, until the United States Court acts, is bound to decide the question of jurisdiction. This the District Court of Guayama did.

The question of jurisdiction once decided, comity, how-ever, also requires that the local court, aware that the jurisdiction of the United States Court has been invoked, should suspend proceedings until the United States Court has had an opportunity to act. Chesapeake & Ohio Ry. Co. v. McCabe, supra; People v. Rivera Zayas, supra. This is not only a matter of comity but is a matter of justice in

the event the United States Court decides it has jurisdiction. Otherwise, the parties might be subjected to several proceedings.

The motion for reconsideration should be denied.

*Reconsideration denied.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.