CIVIDANES, PETICIONARIO, v. CORTE DE DISTRITO DE GUAYAMA, DEMANDADA.

SOLICITUD para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de Guayama, Hon. Gabriel Castejón, Juez. Moción de reconsideración.

No. 431.—Resuelto en diciembre 11, 1923.

TRASLADO DE CAUSA—CORTE INSULAR—CORTE DE DISTRITO DE LOS ESTADOS UNIDOS—JURISDICCIÓN.—Cuando una moción de traslado para la Corte de Distrito de los Estados Unidos se presenta a una corte insular, la segunda está obligada a resolver la cuestión de jurisdicción por sí misma, pero después de tal decisión, cuando se demuestra a satisfacción de la corte insular que una petición de traslado está pendiente ante la expresada Corte de Distrito de los Estados Unidos, la corte insular debe suspender los procedimientos hasta que la Corte de Distrito de los Estados Unidos haya tenido la oportunidad de actuar.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. L. Muñoz Morales.*

La parte demandada no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Estamos en completo acuerdo con el peticionario y la corte inferior en que una sociedad civil es una entidad en Puerto Rico; *El Pueblo* v. *Rivera Zayas*, 29 D. P. R. 454. Muy diferente a ese caso, en éste la Corte de Distrito de Guayama declaró sin lugar la moción de traslado. Tal resolución sostenemos que fué dictada debidamente, pero después se demostró que estaba pendiente una solicitud ante

la Corte de Distrito de los Estados Unidos para Puerto Rico, y asímismo resolvemos que la corte de distrito, a virtud de una petición, hizo bien en suspender los ulteriores procedimientos hasta nueva orden. Tal vez la corte no debió haber usado las palabras *"sine die,"* pues entendemos que son superfluas.

La corte no declinó su jurisdicción como cree, según parece, el peticionario en este recurso. Ella suspendió los procedimientos hasta que fuera resuelta la cuestión principal por la Corte de Distrito de los Estados Unidos. Según sugerimos en el caso de *El Pueblo* v. *Rivera Zayas, supra*, mediante una cita del caso de *Chesapeake & Ohio Ry. Co.* v. *McCabe* 213 U. S. 219 y otros, si la Corte de Distrito de los Estados Unidos decide que tiene jurisdicción, la corte local debe suspender los procedimientos. Sin embargo, hasta que la Corte de los Estados Unidos actúe, la corte insular está obligada a resolver la cuestión de jurisdicción. Así lo hizo la Corte de Distrito de Guayama.

Una vez resuelta la cuestión de jurisdicción, la cortesía, sin embargo, también exige que la corte local que sabe que ha sido invocada la jurisdicción de la Corte de Distrito de los Estados Unidos, debe suspender los procedimientos hasta que la de los Estados Unidos haya tenido una oportunidad de actuar. *Chesapeake & Ohio Ry. Co.* v. *McCabe,* 213 U. S. 219, *supra; El Pueblo* v. *Rivera Zayas, supra,* 427. Esta no es solamente una cuestión de cortesía sino de justicia en el caso de que los Estados Unidos resuelvan que tienen jurisdicción. De otro modo las partes podrían quedar sujetas a varios procedimientos.

La moción de reconsideración debe ser denegada.

*No ha lugar.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.