16966

THROWER *ET AL.* v. KISTLER *ET AL.*

(178 S. E., 126)

*Messrs. J. E. Dudley, Jr.,* and *J. W. LeGrand,* for appellants,

*Mr. C. W. Muldrow,* for respondent,

January 7, 1935.

The opinion of the Court was delivered by Mr. J. HENRY JOHNSON, ACTING ASSOCIATE JUSTICE.

This cause was instituted by the named plaintiff, on behalf of herself and all other heirs-at-law of one Ace Thrower, deceased, against Kistler and the Surety Corporation for the purpose of obtaining judgment against the latter in a sum exceeding $5,000.00.

The plaintiffs are citizens and residents of the States of North and South Carolina, Kistler is a citizen and resident of this State, and the Surety Corporation is a citizen and resident of the State of New York. Service of process upon the nonresident defendant was made by delivering copies of the summons and complaint to the insurance commissioner of this State.

The complaint alleges that Kistler was duly appointed and qualified as administrator of the estate of Thrower, with National Surety Company as his surety in the sum of $11,385.00; that the administrator defaulted in his administration of the estate; that judgment was thereafter obtained against him in the Court of Common Pleas for Marlboro County in the sum of $5,053.88; that such judgment was duly entered in the Clerk's office in that county, and remains unpaid; that the administrator's surety, National Surety Company, admitting its insolvency, and that it had ceased to do business within this State, was in an action in the Court of Common Pleas for Richland County, adjudged to be insolvent, and its assets within this State placed in the hands of receivers about May 1, 1933; that the nonresident defendant, National Surety Corporation, was chartered under the laws of the State of New York a few days prior thereto; that it and its predecessor, National Surety Company, fraudulently connived to permit the Surety Corporation to take charge of, and to convert to its own use, all the assets, etc., of the administrator's surety; that the Surety Corporation should be required to account for the Surety Company's assets; and judgment is asked against it for the identical amount of the judgment previously obtained and entered against the administrator.

No cause of action is alleged against the resident defendant Kistler, and no relief is demanded against him—in fact, as stated, the complaint specifically alleges that judgment has heretofore been obtained and entered against him.

Within due time the nonresident defendant presented to the State Court its petition and bond for the removal of the

cause to the District Court of the United States for the Eastern District of South Carolina, such petition alleging, *inter alia,* the diversity of citizenship of the parties litigant, that the amount in controversy, exclusive of interest and costs, exceeded the sum of $3,000.00, that the controversy between plaintiffs and the nonresident defendant was separable from the controversy, if any, between plaintiffs and the resident defendant, and fully determinable without the presence of the resident defendant.

The plaintiffs' answer and return to such petition denied none of the material allegations thereof, except the averment that the cause presented separable controversies, which is a question of *law,* hence the *facts* stated in the petition must be taken as true. *Towill v. Sou. Ry. Co.,* 121 S. C., 447, 114 S. E., 416; *Wilson v. Republic Iron & Steel Co.,* 257 U. S., 92; 42 S. Ct., 35, 66 L. Ed., 144.

The State Court, Judge Dennis presiding, held that the resident defendant, Kistler, as administrator, was bound by the judgment previously procured against him, and that the issue as to his liability could not again be raised by plaintiffs in the instant cause; that the National Surety Company, being a privy thereto, is likewise bound; and that the only controversy presented by this action was solely between plaintiffs and the nonresident defendant, the Surety Corporation, as to the liability of the latter for the debt of the insolvent Surety Company.

Removal to the Federal District Court was thereupon ordered, and subsequently completed, after which, and prior to the argument in this Court of plaintiffs' appeal from Judge Dennis' order of removal, plaintiffs moved in the District Court, as their counsel admitted at the bar during oral argument, to have the cause remanded to the Court of Common Pleas for Marlboro County for trial.

The District Court refused to remand, and since the cause was, upon the face of the record, a removable cause, it is well settled that the State Courts are now

without jurisdiction to proceed further, unless and until the judgment of the District Court, sustaining its jurisdiction, be reversed. *Iowa Central Ry. Co. v. Bacon,* 236 U. S., 305, 35 S. Ct., 357, 358, 59 L. Ed., 591, at page 594, in which it was said: "In the *McCabe case* [213 U. S., 207, 29 S. Ct., 430, 53 L. Ed., 765], where the State Court refused to order the removal of the case upon a transcript being filed, the Federal Court held that it had jurisdiction in the case, and proceeded to render a judgment therein; and when this adjudication was brought to the attention of the State Court, it refused to give it force, and proceeded to adjudge the case upon its own view of jurisdiction. *This Court held that the State Court was bound to give weight to the judgment of the Federal Court deciding that it had jurisdiction, and that the judgment, until reversed, was conclusive upon the State Court as to the jurisdiction of the Federal Court."* (Italics ours.)

Here, the cause actually was removed by the State Court, and since, upon plaintiffs' motion to remand, the jurisdiction of the District Court was directly challenged, its judgment thereabout, if erroneous, was subject to review by the Supreme Court of the United States, at plaintiffs' instance, either by direct appeal, or by writ of error. *Wilson v. Republic Iron & Steel Co., supra.*

In *C. & O. R. Co. v. McCabe,* 213 U. S., 207, 29 S. Ct., 430, 436, 53 L. Ed., 765, a most enlightening decision for litigants upon the question of removal, the State Circuit Court held the cause removable, and the record was filed in the Federal Court. Afterwards that Court, upon the application of plaintiff, refused to remand the suit, *and proceeded to a final determination thereof.* In the meantime, an appeal was taken by plaintiff to the Court of Appeals of Kentucky from the order of the Circuit Court removing the case to the Federal Court (112 Ky., 861, 66 S. W., 1054, 23 Ky. Law Rep., 2328); the order of the State Circuit Court was reversed, the cause remanded for trial, and plaintiff finally

had a judgment in the State Court, which was subsequently affirmed by the Court of Appeals (89 S. W., 683, 28 Ky. Law Rep., 536), *but reversed by the Supreme Court of the United States*. In disposing of the question of the State Court's jurisdiction, the Federal Supreme Court held: "It is not necessary to determine whether the case was removable or not. The Federal Court was given jurisdiction to determine that question, it did determine it, and its judgment was conclusive upon the parties before it until reversed by a proper proceeding in this Court. * * * It was open to the plaintiff to bring the adverse decision of the Federal Court on the question of jurisdiction to this Court for review. This course was not pursued, but the action proceeded in the State Court, evidently upon the theory that the judgment of the Federal Court was a nullity if it had erred in taking jurisdiction. For the reasons stated we think this hypothesis is not maintainable."

Moreover, if the Federal Court actually assumes jurisdiction, as it has done in the instant cause, by refusing to remand the same to the State Court, the former has the power, not given to the State Court, to protect its jurisdiction by an injunction against further proceedings in the State Courts, and, to the end that unseemly conflict of jurisdiction may be avoided, the principle of comity dictates that the State Courts should withhold the exercise of further jurisdiction until the decision of the lower Federal Court is reviewed by the Supreme Court, since, if the Federal jurisdiction be not sustained, the cause will be remanded with instructions that it be sent back to the State Court as if no removal had been had. *C. & O. R. Co. v. McCabe, supra.*

Although in the case here the right of removal depends solely upon a question of law, a construction of the complaint to determine whether or not separable controversies are pleaded, which *legal issue* the State Court has the right to decide, it must be borne in mind that

the Circuit Court has already removed the cause to the District Court, and that the latter has refused to remand, and has assumed jurisdiction; hence the principles enunciated herein are not to be confused with the principles applicable to the disposition of such *legal issue* when the Federal Court has not yet adjudged itself to have jurisdiction—in the latter instance the State Appellate Court may proceed to determine that issue. *Jennings v. Sou. Ry. Co.,* 152 S. C., 322, 150 S. E., 309. Where, however, the record discloses an indisputably removable cause, or where the petition for removal makes an *issue of fact* determinative of the right to remove, the State Court is bound to order the removal—for trial of the cause by the District Court in the former case, or for determination by that Court of the issues of fact so arising, in the second case. *Towill v. Sou. Ry. Co.,* 121 S. C., 447, 114 S. E., 416; *Jennings v. Southern Ry. Co., supra; Iowa C. R. Co. v. Bacon, supra,* citing *Madisonville Traction Company v. St. Bernard Min. Co.,* 196 U. S., 239, 25 S. Ct., 251, 49 L. Ed., 462.

A careful consideration of the record before us discloses that the instant cause was indisputably removable: No cause of action is alleged against the resident defendant, and no relief is demanded as against him; and the petitioning defendant might have urged before Judge Dennis, as an additional ground for removal, that the joinder of such resident defendant was fraudulent to attempt to prevent removal. The cause being removable, the appeal is not suspended, but the order of the Circuit Judge is affirmed.

Messrs. Justices Stabler, Carter and Bonham and Mr. Acting Associate Justice C. J. Ramage concur.