**HOLM v. HICKORY CANE MINING CO. et al.**

**Civ. No. 87.**

District Court, W. D. Kentucky, Paducah Division.

Jan. 7, 1941.

442

C. H. Wilson, of Smithland, Ky., for plaintiff.

Wheeler & Shelbourne, of Paducah, Ky., for defendants.

MILLER, District Judge.

This action is before me upon the motion of the defendants, Sarah G. Smith Williams and Don Williams, her husband, for an injunction against the plaintiff, Carl Holm, enjoining him from proceeding further in this action in the Crittenden Circuit Court (State Court), where the action was filed, and upon the plaintiff's motion to remand the action to the State Court. Both the plaintiff and the defendant Hickory Cane Mining Company are citizens of Kentucky. The defendants Sarah G. Smith Williams and Don Williams, her husband, are citizens of Florida.

The plaintiff claims by his petition that in July 1936 the defendant Hickory Cane Mining Company employed him as its superintendent of its mining properties in Crittenden County, Kentucky, and that there is due to him under said contract of employment $3,247.15 as unpaid salary, $1,427.69 as expenses, and $611.71 as liabilities incurred by the plaintiff in behalf of the company. He seeks judgment for these amounts and for the enforcement of a lien against the surface rights and mineral rights in certain property in Crittenden County, Kentucky. His petition, as finally amended, alleges that the mining company owns the surface rights in the real estate and that the defendant Sarah Williams owns the mineral rights in the property. His alleged lien against both the surface rights and mineral rights is claimed by virtue of a written instrument executed on February 14, 1940, reading as follows:

"To Whom it May Concern:

"This statement is to certify that the Hickory Cane Mining Company, a Kentucky corporation, has heretofore agreed, and does hereby agree, to pay to Carl Holm, of Marion Kentucky, ten (10) percent of any and all consideration it may receive through his efforts in disposing of the assets of the corporation, either by outright sale of its properties, or from moneys received on a royalty basis.

"The company hereby acknowledges that it is also indebted to Carl Holm in a sum in excess of Twenty-five ($2,500.00) Hundred Dollars, for back salary, and for which claim it has heretofore given him and does hereby give to him, a lien prior to all other claims on all the assets of the company, wheresoever situated.

"In witness whereof the corporation has caused these presents to be signed in its name, by its President, and corporate seal to be hereunto affixed, attested by its Sec-

retary, this 14th day of February, A. D. 1940.

> "Hickory Cane Mining Company
> "By Henry K. Gibson, President.

"Attest:

"W. F. Parker, Secretary.     .

"I, Sarah G. Smith, hereby certify that I am the owner of the fee-simple title to the tract of land situated in Crittenden County, Kentucky, known as the Hickory Cane Mine, and that I am a stockholder in the Hickory Cane Mining Company; that the allegations of the aforesaid statement are true; that I personally approve them and agree to personally abide by the terms thereof.                                                .

> "Sarah G. Smith."

Sarah G. Smith, whose signature appears in the instrument, has since married Don Williams and accordingly is referred to in this opinion as Sarah Williams.

■ The defendants Sarah and Don Williams, upon written notice, filed their petition to remove the action to the United States District Court accompanied by a proper bond. The petition claimed that a separate controversy existed between the plaintiff and the defendants Williams. The State Judge approved the bond and ordered the removal. Shortly thereafter and before the expiration of the term and upon notice by the plaintiff the State Judge set aside his order of removal and ruled that the action was not removable and would proceed in the State Court. In spite of this ruling the defendants Williams secured a certified transcript of the record and filed it with the Clerk of the Federal Court. Thereafter the State Court rendered· a default judgment against the defendant Hickory Cane Mining Company for the amounts as prayed for by the plaintiff, and adjudged the plaintiff a first lien against the surface rights in the real estate described. This judgment reserved the court's rulings as to the other defendants. At a later time the State Court entered a second judgment in which it adjudged that the plaintiff had a lien against the mineral rights in the described real estate owned by Sarah Williams who was before the court by constructive service only, if at all. Both judgments ordered a sale of the respective interests in the real estate adjudged to be under lien to the plaintiff. The Master Commissioner of the State Court has advertised the sale at the courthouse door in Marion, Crittenden County, Kentucky, on January 13, 1941.

The defendants Williams have filed their motion on January 7, 1941, to enjoin the plaintiff from further proceeding in the State Court and from holding the proposed sale on January 13, 1941.. The plaintiff has filed its motion to remand the action to the State Court. The plaintiff has also filed its motion to postpone the hearing upon the motion for an injunction until a later time, supported by affidavits to the effect that the wife of plaintiff's attorney is seriously ill which makes it impossible for the attorney to come from Paducah to Louisville to oppose the motion for an injunction. However, the plaintiff has not offered to postpone the sale of the real estate which is advertised to take place within less than a week. In addition, plaintiff's attorney has secured the temporary services of a very able attorney in Paducah who has briefly indicated to the Court in writing his views on the pending motions, although he was not requested by plaintiff's original attorney to come to Louisville for the hearing on January 7th. Notice of this hearing has been duly served upon the plaintiff. Under the circumstances the Court does not feel justified in delaying its decision on defendants' motion for an injunction.

Plaintiff contends that the Federal Court has not acquired jurisdiction to act on defendants' motion for an injunction because the order of removal in the State Court was set aside by the State Judge before the expiration of the term in which it was entered, and is, therefore, the same as if never entered.

■ If the case be a removable one, then upon the filing of the petition for removal, in due time, with a sufficient bond, and, upon proper notice, the case is, in law, removed, and the State Court in which it is pending will lose jurisdiction to proceed ·further, and all subsequent proceedings in that court will be void. It makes no difference whether the State Judge signs the order of removal or not; the case is automatically removed even if the State Judge fails or refuses to sign the order. Madisonville Traction Co. v. St. Bernard Mining Co., 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462; Chesapeake & Ohio Ry. Co. v. McCabe, 213 U.S. 207, 29 S.Ct. 430, 53 L. Ed. 765; Lee v. Continental Ins. Co., D. C. Eastern District of Kentucky, 292 F. 408; Williams v. New York, P. & N. R. Co., 4 Cir., 11 F.2d 363, 45 A.L.R. 437.

■ If the action is one which is not removable, the State Court does not lose

jurisdiction. However, the decision as to whether it is removable or not removable is for the Federal Court and not the State Court. A decision by the State Court that it is not removable is reviewable by the Supreme Court and the State Court judgment will be set aside if the question has been properly raised and preserved in the State Court proceedings and the State Court ruling is found by the Supreme Court to be erroneous. The party petitioning for a removal has also the additional remedy to enter the record in the Federal Court and require the plaintiff to litigate with him there, even while the State Court proceedings are going on. In the absence of any ruling by the Federal Court the State Court may proceed with its hearings under its view that the action is not removable. Iowa Central Railway Co. v. Bacon, 236 U.S. 305, 310, 35 S.Ct. 357, 59 L.Ed. 591. In doing so the plaintiff takes the chance of having all the State Court proceedings declared invalid by a later final holding of the Federal Court that the action is removable. The ruling of the Federal District Court that it is removable is binding on the State Court unless reviewed and reversed by the Circuit Court of Appeals. Chesapeake & Ohio Ry. Co. v. McCabe, 213 U.S. 207, 29 S.Ct. 430, 435, 53 L.Ed. 765. As was aptly said in that case: "In order to prevent unseemly conflict of jurisdiction it would seem that the state court in such cases should withhold its further exercise of jurisdiction until the decision of the circuit court of the United States is reviewed in this court. If the Federal jurisdiction is not sustained, the case will be remanded with instructions that it be sent back to the state court as if no removal had been had."

█ If the State Court refuses to withhold its further exercise of jurisdiction, the Federal Court has the power to protect its jurisdiction by an injunction against further proceedings in the State Courts. Madisonville Traction Co. v. St. Bernard Mining Company, supra; Donovan v. Wells Fargo & Co., 8 Cir., 169 F. 363, 22 L.R.A., N.S., 1250; Automobile Ins. Co. v. Harrison, D.C.S.D.N.Y., 7 F.Supp. 846.

The real question in this case is therefore: Is the action one which is removable to the Federal Court? which question is presented by plaintiff's motion to remand. Both the plaintiff and the defendant Hickory Cane Mining Company are citizens of Kentucky. Diversity of citizenship does not exist between them. But the removal statute (Section 71, Title 28 U.S.C.A.; Section 28 of the Judicial Code) also provides: "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

If such a separate controversy exists between the plaintiff and the defendants Williams, the action is removable.

█ Plaintiff contends that the defendant Sarah Williams personally became the surety of the defendant Hickory Cane Mining Company by reason of said separate writing, and that he thereby acquired a first lien against her interest in the property. It is evident that the Hickory Cane Mining Company may be liable to the plaintiff for the amounts sought to be recovered by reason of its contract with the plaintiff, and to have given a lien against its property by reason of its execution of the instrument dated February 14, 1940, without there being any liability of any kind on the part of Sarah Williams. Any liability which may exist against her is governed entirely by the legal effect of the separate writing signed by her alone. This is a separate contract between her and the plaintiff to which the mining company is not a party. The liability of the Hickory Cane Mining Company is in no way affected by the construction ultimately given by the Court to that writing. If it creates any liability, it is a separate liability against her and brings in additional property belonging to her as security for the judgment rendered against the mining company. Whether or not this separate additional liability exists and additional property belonging exclusively to the defendant Sarah Williams is subjected to payment of the judgment against the mining company is a controversy exclusively between the plaintiff and Sarah Williams, and in which the mining company has no interest. In the opinion of the Court it presents such a separable controversy wholly between citizens of different states as is referred to in Section 28 of the Judicial Code and may be removed into the District Court of the United States as therein provided, regard-

less of the fact that the other defendant is a citizen of the same state as that of the plaintiff.

Plaintiff further contends that since Sarah Williams is not interested in the surface rights, which belong to the mining company, there is no reason to enjoin the execution of the first State judgment against that company which will sell the surface rights at public auction. The rule is well settled, however, under the present removal statute, that where the action is removed to the Federal Court by reason of the existence of a separate controversy, the whole action is removed. Gainesville v. Brown-Crummer Investment Co., 277 U.S. 54, 48 S.Ct. 454, 72 L.Ed. 781.

Plaintiff's motion to remand to the State Court is overruled, and the motion of the defendants Williams for an injunction against the plaintiff is sustained.