CASE 81.—ACTION BY PETER McCABE'S ADMINISTRATRIX
        AGAINST THE MAYSVILLE & BIG SANDY RAIL-
        ROAD COMPANY AND OTHERS.—February 10, 1910.

# McCabe's Admx v. Maysville & Big Sandy Ry. Co.

Appeal from Mason Circuit Court.

C. W. NEWELL, Circuit Judge.

From an order sustaining a demurrer to the reply, plaintiff appeals.—Affirmed.

1.    Judgment—Judgment of United States Court—Effect in State Court.—Where the federal circuit court assumed jurisdiction of a ·case removed from a state court, and dismissed the action on plaintiff's default, from which judgment no appeal was taken, such judgment was conclusive of the question whether the cause was removable, though plaintiff during the pendency of the action in the federal court prosecuted an appeal to the state Court of Appeals, and secured a reversal of the order of the trial court removing the case to the federal court, and plaintiff could not, after the judgment of the Court of Appeals was reversed by the United States Supreme Court, and the cause remanded to the state trial court, interpose a demurrer to an answer then filed by defendant, pleading the judgment of the federal circuit court in ·bar of the further prosecution of the suit on the ground that the federal removal act was unconstitutional, since the question raised by such demurrer should have been interposed either in the state court when the motion to remove was made or in the federal circuit court at the time it assumed jurisdiction.

2.    Constitutional Law—Statute—Necessity of Pleading Invalidity.—If a defense is based upon a statute, it is not necessary that it be specifically raised by pleading if the court's attention is directed to the fact that its validity is questioned, and the determination of the question is necessary to the decision of the case.

McCabe's Admx. v. Maysville & Big Sandy Ry. Co.

3. Judgment—Judgment of United States Court—Effect in State
   Court—Matters Concluded—Questions Necessarily Decided.—
   A decision of the United States Supreme Court that a federal
   circuit court had acquired jurisdiction when judgment was
   rendered in the state court, and that the circuit court's
   judgment was conclusive until reversed, necessarily decided
   that the statute under which the cause was removed to the
   federal court was valid, where its alleged invalidity was
   called to its attention though it was not pleaded, so that
   its validity cannot be raised on remand to the state court
   for retrial.

ALLAN D. COLE for appellant.

WORTHINGTON, COCHRAN & BROWNING for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This case has heretofore been three times in this
court on as many appeals, 112 Ky. 861, 66 S. W. 1054,
23 Ky. Law Rep. 2328; 89 S. W. 683, 28 Ky. Law
Rep. 536; 100 S. W. 219, 30 Ky. Law Rep. 1009; and
once in the Supreme Court of the United States,
213 U. S. 207, 29 Sup. Ct. 430, 53 L. Ed. 765.

On the last appeal to this court, we affirmed a
judgment rendered in the Mason circuit court in fa-
vor of appellant for $2,500. From the judgment of
this court an appeal was prosecuted by the appellees
to the United States Supreme Court. That court
reversed us upon the ground that the Mason circuit
court at the time the trial was had and the judg-
ment rendered was without jurisdiction to hear or
dispose of the case for the following reasons: When
the suit was first brought in the Mason circuit court,
that court upon motion of appellees entered an order
removing it to the federal court. From this order
the appellant prosecuted an appeal to this court.
Pending the appeal from the order of removal the

appellees filed a transcript of the record in the Circuit Court of the United States for the Eastern District of Kentucky, and the case was duly docketed. After this court had reversed the order of the Mason circuit court removing the case to the federal court the appellant filed in the federal court a motion to remand the case to the state court, which motion was overruled. Thereupon the appellees filed an answer in the federal court, and on their motion the case was set for trial and a judgment by default entered dismissing the appellant's petition. Afterwards, when the case came on for trial in the Mason circuit court, the appellees offered an answer which set up all the proceedings taken and had in the federal court. The motion to file this answer was denied, but it was made a part of the record. Thereupon the trial proceeded in the state court with the final result that a judgment was obtained for the amount before stated.

On the appeal to the Supreme Court of the United States from this court that court held that the judgment of the federal court, dismissing the case after refusing to remand it to the state court, was a bar to a further prosecution of the action in the state court as the judgment of the federal court stood unreversed and unmodified, the court saying: "It is not necessary to determine whether the case was removable or not. The federal court was given jurisdiction to determine that question; it did determine it, and its judgment was conclusive upon the parties before it until reversed by proper proceedings in this court. Instead of bringing the case here, the plaintiff proceeded in the state court, and that court denied effect to the federal judgment. The plaintiff in error lost no right when thus compelled to remain in the state court, notwithstanding the federal judgment in its

favor and brought the suit here by writ of error to
the final judgment of the state court, denying its
right secured by the federal judgment.  It was open
to the plaintiff to bring the adverse decision of the
federal court on the question of jurisdiction to this
court for review.  This course was not pursued, but
the action proceeded in the state courts evidently
upon the theory that the judgment of the federal
court was a nullity if it had erred in taking jurisdic-
tion.  For the reasons stated we think this hypothe-
sis is not maintainable.''

When the mandate of the Supreme Court of the
United States was filed in this court we set aside the
former judgment affirming the Mason circuit court
and issued a mandate directing the Mason circuit
court to set aside the judgment appealed from and
proceed in accordance with the opinion of the Su-
preme Court of the United States.  Thereupon the
Mason circuit court, pursuant to the mandate, set
aside its former judgment and its order refusing to
allow to be filed the answer theretofore tendered,
pleading in bar the judgment of the United States
Circuit Court, and entered an order filing the same.
Appellant then filed a general demurrer to the an-
swer, which the court overruled, following it by a
reply to which a demurrer was sustained.  It is
from the order sustaining a demurrer to the reply
that this appeal is prosecuted.  The material part of
the reply, and the only part we are concerned with,
assails the constitutionality of the Removal Act (Act
March 3, 1875, c. 137, 18 Stat. 470, as amended by
Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp.
St. 1901, p. 507]) in the following terms: ''Plaintiff
therefore states that sections 3 and 5 of the act of
Congress known as the removal act, and any other

such parts thereof as undertake to confer or did undertake to confer upon the United States Circuit Court for the Eastern District of Kentucky the right of jurisdiction to hear and determine the controversy herein, which is not and never has been a controversy wholly between citizens of different states, are in conflict with article 3, section 2, of the United States Constitution and the 9th and 10th amendments thereto. Plaintiff therefore states that said act of Congress in so far as it was intended to apply to controversies not wholly between citizens of different states is unconstitutional, null and void, and she pleads and relies upon such provisions of the federal Constitution in estoppel of defendant's plea in bar of the jurisdiction of this court and its right to proceed in this case.''

It seems to us that this attack on the validity of this statute comes too late. If, as argued by counsel, it was necessary to raise the question of its validity by a pleading, then it should have been made by appropriate pleading in the state court when the motion to remove to the federal court was made, or it should have been made in the federal court when the case was there pending. If we should now hold that the reply presented a good defense, it would be in effect ruling that the United States statute under consideration was violative of the federal Constitution and hence void. The further effect of this would be to vacate not only the judgment of the Supreme Court of the United States but the mandate of this court issued in pursuance thereof, and to open up the case for a new trial in the state court as if no judgment had ever been rendered. Neither of these things are we prepared to do. But, aside from this,

we are unable to agree with counsel that it is neces-
sary to raise by pleading the question that a statute
upon which a right or remedy is rested is uncon-
stitutional. In our opinion, when a cause of action
or defense is based on a statute, it is not necessary
that the validity of the statute should be attacked
in a pleading setting forth specifically its invalidity.
If the attention of the court is directed to the fact
that the validity of the statute is drawn in ques-
tion, and the determination of its validity is neces-
sary to a correct decision of the case, it will take judi-
cial notice of the legal question presented. In such a
case, if the right of action or defense depended on
the validity of the statute, the court would necessar-
ily be obliged to uphold the statute if it sustained
the plea rested upon it. As the question was called
to the attention of the Supreme Court of the United
States, we cannot escape the conviction that the val-
idity of the statute must have been considered by
that court. The question decided by that court was
that, as the federal court had assumed jurisdiction,
its judgment was conclusive of this question. To
reach this conclusion the Supreme Court of the
United States must first have determined that the act
conferring jurisdiction upon the federal court was
valid. If the act under which the federal court acted,
and by virtue of which it assumed jurisdiction, was
unconstitutional, it seems manifest that the decision
of the federal court taking jurisdiction under this
act could not stand. It is true that the Supreme
Court of the United States does not in the opinion
discuss the validity of this act, but it does not follow
from this fact that its validity was not considered by
the court. It not infrequently happens that questions
that are esteemed important by counsel are not al-

luded to in the opinion.  Looking at the matter from either of the view points in which it presents itself, we are of the opinion that the validity of the statute in this particular case is a closed incident.

Wherefore the judgment is affirmed.