CASE 77.—ACTION BY ELIZA B. CLINGER, ADMINISTRATRIX OF GEORGE M. CLINGER AGAINST THE CHESAPEAKE & OHIO RAILWAY COMPANY.— June 10, 1910.

## Clinger's Admx v. Ch. & Ohio Ry. Co.

Appeal from Mason Circuit Court.

C. W. NEWELL, Circuit Judge.

Judgment of dismissal, plaintiff appeals.—Affirmed.

1. Judgment—Proceedings to Remove—Power of Federal Court to Determine Jurisdiction.—The federal court has jurisdiction to determine whether a case is removable from a state court, and, even if it improperly holds that it is removable, its judgment is not void and is conclusive upon the parties until set aside or reversed by proper procedure and a bar to any further proceedings in the state court in the same suit.

2. Courts—Validity of Removal Act.—The Supreme Court of the United States, having upheld the right of removal of causes from the state to the federal court, conferred by Congress, must of necessity have upheld the power of Congress under which that right was conferred.

ALLAN D. COLE for appellant.

WORTHINGTON, COCHRAN & BROWNING for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

This is the second appeal of this case. The opinion on the former appeal may be found in 128 Ky. 736, 109 S. W. 315, 15 L. R. A. (N. S.) 998.

This suit was brought on March 18, 1907, in the Mason circuit court by Eliza B. Clinger, as administratrix of George M. Clinger, deceased, against the Chesapeake & Ohio Railway Company of Kentucky, Chesapeake & Ohio Railway Company and Shannon Hall, to recover damages for the death of her husband, which she charged was due to the joint negligence of the three defendants. On April 1, 1907, appellee Chesapeake & Ohio Railway. Company presented to that court its petition for removal of the suit to the United States Circuit Court for the Eastern District of Kentucky, accompanied by proper bond. On September 3, 1907, the Mason circuit court approved the bond and ordered the action removed. On September 23, 1907, a transcript of the record was filed in the United States court and the case placed upon its docket. On October 21, 1907, appellant appeared in the United States court and moved to remand the case to the Mason circuit court. On November 14, 1907, and while that motion was pending, appellant filed in the federal court an answer to the petition for removal. The motion to remand pended in the federal court until March 27, 1908, on which date it was overruled. To this order appellant excepted. On April 6, 1908, appellant filed in the federal court her motion to reconsider the order overruling her motion to remand the case to the state court. This motion the court took under advisement. In the meantime, appellant took an appeal to this court from the judgment of the Mason circuit court ordering the case removed. The judgment of the Mason circuit court was reversed. The

mandate of this court was then filed in the Mason circuit court and the case placed upon the docket for the regular September term, 1908. On August 25, 1908, which was after this court had reversed the judgment of the Mason circuit court and issued its mandate, and before the case was redocketed be-, low, the federal court overruled appellant's motion to reconsider and set aside its former order refusing to remand the case. At the same time, that court handed down a written opinion holding that it had jurisdiction of the case because there was involved therein a separable controversy between appellant and appellee Chesapeake & Ohio Railway Company, "a controversy wholly between citizens of different states and which could be fully determined as between them." To this ruling of that court appellant excepted. Some time later the case was redocketed in the Mason circuit court. On September 9, 1908, appellees offered to file in that case their answer and special plea to the jurisdiction of the court. In this answer they set out in full all the proceedings and orders of the federal court, and pleaded that the judgment of the federal court, holding that it had jurisdiction of the case, was unreversed and in full force and effect. Attached to the answer was a complete transcript of the proceedings in the federal court and a copy of the written opinion delivered by Judge Cochran. The answer was filed nunc pro tunc by order of the Mason circuit court on December 14, 1908. On the same day the appellees amended their answer and set up the additional fact that, since the presentation of their former answer, appellant had appeared in the federal court and had the suit dismissed. To appellees' answer and amendment thereto, appellant demurred, and the demurrer was sus-

tained. The case was then continued to the next term. Before the case was called for trial, the Supreme Court of the United States delivered an opinion (see Chesapeake & Ohio Railway Co. v. Emma R. McCabe, Administratrix, 213 U. S. 207, 29 Sup. Ct. 430, 53 L. Ed. 765), reversing the judgment of this court in the case of Chesapeake & Ohio Railway Co. v. McCabe, 100 S. W. 219, 30 Ky. Law Rep. 1009. Appellees then moved the Mason circuit court to set aside its former order sustaining appellant's demurrer to the plea of jurisdiction and overrule the demurrer. This motion was sustained and the demurrer overruled. Appellant then filed a reply, charging that sections 3 and 5 of the removal act (Act Cong. March 3, 1875, c. 137, 18 Stat. 471, 472 [U. S. Comp. St. 1901, pp. 510, 511]), in so far as they undertook to authorize circuit courts of the United States to hear and determine controversies not wholly between citizens of different states and to confer upon them the exclusive right to decide the question of jurisdiction in such cases, were unconstitutional, and that the judgment rendered by the federal court in pursuance thereof was null and void. To this reply the court sustained a demurrer. Appellant having declined to plead further, her petition was dismissed. From that judgment this appeal is prosecuted.

In the case of Cheasapeake & Ohio Railway Co. v. Emma R. McCabe, Administratrix, supra, the Supreme Court of the United States, after quoting certain provisions of the removal act, said: ''In view of these provisions of the statute, and the decisions of this court construing the same, we think it was the intention of Congress to confer upon the Circuit Court of the United States a right to determine the

removability of a cause, independently of the juris-
diction and determination of the state courts.  And
while it is true that, when the judgment of a state
court is under consideration, it may properly be held
that the courts of the state are not obliged to sur-
render their jurisdiction until a petition is filed mak-
ing a proper ground for removal, it does not follow
that, when the jurisdiction of the Circuit Court of
the United States is invoked, its judgment holding
a case removable and rendering a final  judgment
therein can be disregarded by the state court where
it is properly set up before judgment, as was done
in the present case.  If this be not so, the state court
may ignore an unreversed judgment of the United
States Circuit Court deciding a question of federal
jurisdiction within the power conferred upon it by
Congress, and wherein it was intended to give to the
state court no right to review such action, and where-
in the judgment is binding until properly reversed in
this court, in which the question of jurisdiction can
alone be finally settled, whether brought here from
a state or federal court.''  In another connection,
the court used the following language:  ''It is not
necessary to determine whether the case was re-
movable or not.  The federal court was given juris-
diction to determine that question, it did determine
it, and its judgment was conclusive upon the parties
before it until reversed by a proper proceeding in this
court.''

It is insisted by counsel for appellant that  the
doctrine announced in the above case does not apply
in the case under consideration, for the reason that
in the McCabe case there was a  final  judgment;
whereas, in the case before us, the action of the court
in taking jurisdiction was not final, but was such as

the court could have set aside at any time and then remanded the case to the state court. The difference between this and the McCabe case is this: In the McCabe case appellant failed to take any further steps after the motion to remand was overruled. The federal court, after demurrer had been filed by one defendant and an answer by the other, dismissed the case on the face of the pleadings. In the case before us the appellant, after the federal court declined to reconsider its action refusing to remand the case and her motion to remand was overruled, appeared in that court and dismissed her petition, as her reply says, without prejudice. It is true that the opinion in the McCabe case, supra, refers to the fact that a final judgment had been entered; but we do not understand that opinion as limiting the doctrine therein announced to cases only where there has been a final judgment. The doctrine of that case is based upon the proposition that Congress has conferred upon the federal court in cases arising under the removal act the power to determine whether or not it has jurisdiction. In this case the federal court took jurisdiction. By its order overruling the motion of appellant to remand the case to the state court, it distinctly adjudged that the suit was a removable one, and that it had jurisdiction thereof. It is immaterial that that court thereafter might have reconsidered its action and remanded the case; until it did that, or its judgment was reversed, it was binding upon the parties and could not be ignored by the state court. We do not mean to hold that the federal court's judgment on the question of jurisdiction would be a bar to another action; what we mean to say is that such judgment, as long as it is in full force and effect, would bar any further pro-

ceedings in the state court in the same suit. It seems to us that there is no escape from this conclusion if the doctrine of the McCabe case is adhered to. The rule therein announced is based upon the idea that the federal court has been given the power to determine whether or not a case is removable; and, even if it improperly holds that it is removable, its judgment is not void, but erroneous. That being true, it is conclusive upon the parties until set aside or reversed by proper procedure.

It being conceded, then, that the judgment of the federal court to the effect that it had jurisdiction is conclusive upon the parties and must be recognized by the state court, what, then, was the effect of the action of appellant in dismissing without prejudice her suit in the federal court? This is not a case where a party dismisses an action that has been removed to the federal court and then brings a new action in the state court. It is a case where it is attempted to proceed in the state court in the identical action which has been dismissed in the federal court. When a party dismisses an action without prejudice, it necessarily means that he does so without prejudice to a future action—not without prejudice to the same action. When, therefore, it was made to appear to the state court that the federal court had held that it had jurisdiction, and that appellant had thereupon dismissed the action in the federal court, the state courts properly held that this was a bar to any further proceedings in the state court in the same case. Were the rule otherwise, it would be an easy matter to defeat the jurisdiction of the federal court. In every case removed to the federal court, and of which that court had assumed jurisdiction, the party contesting the removal

could then dismiss without prejudice and proceed in the state court as if no removal had ever taken place. In this way the federal courts would be deprived of the right conferred upon them by Congress to de-termine whether or not a case is removable.

As to the constitutionality of the removal act, we deem it only necessary to say that, while we have been unable to find any decisions where the ques-tion was directly considered, any number of cases can be found where rights have been predicated upon the removal act and have been upheld by the federal court. Indeed, the very question raised by appellant was necessarily determined in the case of Chesapeake & Ohio Railroad Co. v. Emma R. McCabe, Adminis-tratrix, supra. There the court held that Congress had conferred upon federal courts the power to de-termine whether or not a case was removable. In upholding the right thus conferred by Congress, the court must of necessity have upheld the power by which that right was conferred.

Judgment affirmed.

NUNN, J., dissents.