# Goodwin v. Chesapeake & Ohio Railway Company.

(Decided October 11, 1912.)

## Appeal from Lewis Circuit Court.

1. Railroads—Removal of Action—Plea in Abatement.—Following the refusal of the Lewis Circuit Court to remove this action to the United States Circuit Court for the Eastern District of Kentucky, upon appellee's petition, they filed a transcript of the record in the United States Circuit Court and moved that court to order it filed and docketed therein, which order was granted and a rule awarded against appellant to show cause why he should not be compelled to make a deposit of money with the clerk to cover costs, as required by the rules of procedure in that court. Before the Federal Court had determined whether the cause was a removable one, appellant appeared in that court and, without moving to remand it to the State Court, caused the action to be dismissed by the Federal Court without prejudice. Notwithstanding its dismissal in that court, appellant attempted to proceed with its prosecution in the State court; thereupon appellee filed in the action in the State court, supported by the record from the Federal court, an answer in the nature of a plea in abatement, to which appellant demurred and the demurrer was overruled.

2. Railroads—Removal of Action—Demurrer—Plea in Abatement—Jurisdiction.—The demurrer to the plea in abatement was properly overruled. As, under the circumstances, the jurisdiction to determine whether the case should have been remanded to the State court, vested alone in the Federal Court and the action was pending in that court at least for the determination of that question, if for no other purpose and appellant dismissed the action in that court before that question was determined, the order of dismissal did not operate to revive the action in the State Court. Having thus finally disposed of the case in the Federal Court, without prejudice to a future action, appellant's remedy was to reinstitute the action in the State court.

ALAN D. COLE, E. H. SCOTT for appellant.

WORTHINGTON, COCHRAN & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellant brought this action in the court below against the appellees, Chesapeake & Ohio Railway Company, and William Eades, its employe, to recover damages for injuries alleged to have been sustained by him in the service of the railway company, through the neg-

ligence of Eades, his superior. The appellee, Chesa-
peake & Ohio Railway Company, at the proper time filed
in the Lewis Circuit Court, a petition to remove the cause
to the circuit court of the United States, for the Eastern
District of Kentucky, on the ground of fraudulent joinder
and of separable controversy. The Lewis Circuit
Court approved the bond filed with the petition, but over-
ruled the motion to remove the case to the Federal Court.
On October 16, 1911, the appellee railway company pre-
sented a transcript of the record to the Federal Court and
moved that court to order same filed and that the cause be
docketed therein. The motion was sustained by that
court, and, on the same day, it granted a rule against ap-
pellant to show cause why he should not be required to
make a deposit of money with the clerk to cover the cost,
as required by the rules of that court; the rule having
been awarded upon motion of the railway company.

On November 7, 1911, and while the case was still on
the docket of the Federal Court, appellant appeared
therein and filed in writing a motion to dismiss the case
without prejudice to any suit in that or any other court.
On Novebmer 28, 1911, the Federal Court sustained that
motion by an order in these words:

"This day came the plaintiff by A. D. Cole, his attor-
ney, and on his motion, the court being advised, it is
now ordered that this cause be and the same is dismissed
without prejudice to any suit in this or any other court."

Ascertaining that it was the purpose of appellant to
obtain a trial of the case in the Lewis Circuit Court, not-
withstanding its dismissal by him in the Federal Court,
appellees appeared in the Lewis Circuit Court on Jan-
uary 16, 1912, and filed an answer in the nature of a plea
in abatement, setting up the proceedings in the Federal
Court, including the dismissal of the case by the appel-
lant, and filed with the answer as an exhibit, a complete
transcript of the record of the Federal Court in the
action. Appellant demurred to the plea in abatement,
which the Lewis Circuit Court overruled. He then re-
fused to plead further and the court dismissed his pe-
tition; and from the judgment manifesting these rulings
he has appealed.

Although appellant did not make a motion in the
Federal Court to remand the case to the State Court, he
did appear in the Federal Court, after that court had
taken jurisdiction of the case and ordered it to be

docketed therein, and, upon his motion, cause it to be dismissed without prejudice. Having taken this course resulting in the final disposition of the case in the Federal Court, his remedy was to reinstitute the action in the Lewis Circuit Court. The case is not one in which there had been a decision of the Federal Court that it was not removable; after the filing of the transcript and docketing of the case therein, only the Federal Court had the right to determine that fact and it was not required, nor did it have the opportunity to. do so, after taking jurisdiction of the case for that purpose; for such decision of the question, by that court, was prevented by the act of appellant in dismissing the action. Its dismissal was, therefore, procured by appellant while it was pending in the Federal Court. A party to a suit removed to the Federal Court is not, as claimed by appellant, bound by a judgment of that court, overruling a motion to remand, because of his entering his appearance by making such a motion, but because he is estopped to deny its jurisdiction after it has overruled his motion to remand; jurisdiction to determine whether the cause was removable or not being conferred by a Federal Statute upon the Federal Court. But the question whether the Federal Court should or should not have remanded the case is not before us for consideration; it is sufficient to know that when the record was filed in the Federal Court and the case docketed therein, it was pending in that court, awaiting its decision as to whether it was a removable case, and was not pending in the State Court. It could not be pending in both courts at the same time.

"It seems impossible that two courts can at the same time possess the power to make a final determination of the same controversy between the same parties. If either has authority to act, its action must necessarily be exclusive." 1st. Freeman on Judgments; section 118.

As the jurisdiction to determine whether the case should have been remanded to the State Court, vested alone in the Federal Court, and the action was pending in that court, at least for the determination of that question, if for no other purpose, and it was dismissed at the instance of appellant, before that question could be determined, the order of dismissal in that court could not operate as a revival of the same action in the Lewis Circuit Court.

In McAlister's Admr. v. Chesapeake & Ohio Railway Company, 157 Fed. Rep., 750, it was held that when an action has been actually removed to the Federal Court, though a motion to remand it be not made, the Federal Court can enjoin the further prosecution of the case in the State Court even before there has been a decision that the cause is a removable one.   Texas & Pacific Ry. Co. v. Easton, 214 U. S., 160; Mo. Pac. Ry. Co. v. Fitzgerald, 160 U. S., 563.

In Chesapeake & Ohio Ry. Co. v. McCabe, 213 U. S., 207, the Supreme Court in reviewing a case from this State, on this subject held: That the United States Circuit Court has jurisdiction to determine for itself the removability of a cause and may take jurisdiction thereof and protect such jurisdiction, even though the State Court refuse to make the removal order; and that final judgment, rendered by and under such conditions by the Federal Court, cannot be reviewed by the State Court, but such judgment is binding on the State Court until reversed by the Supreme Court.

This doctrine seems to have been also applied in Clinger's Admr. v. Chesapeake & Ohio Ry. Co., 138 Ky., 615, in the opinion of which it is said:

"This is not a case where a party dismisses an action that has been removed to the Federal Court and then brings a new action in the State Court.   It is a case where it is attempted to proceed in the State Court in the identical action which has been dismissed in the Federal Court.   When a party dismisses an action without prejudice, it necessarily means that he does so without prejudice to future actions.   *   *   *   Not without prejudice to the same action.   When, therefore, it was made to appear to the State Court that the Federal Court had held that it had jurisdiction, and that appellant had thereupon dismissed the action in the Federal Court, the State Court properly held that this was a bar to any further proceedings in the State Court in the same case.   Were the rule otherwise, it would be an easy matter to defeat the jurisdiction of the Federal Court. In every case removed to the Federal Court, and of which that court had assumed jurisdiction, the party contesting the removal could then dismiss without prejudice and proceed in the State Court as if no removal had ever taken place.   In this way the Federal Courts would be deprived of the right conferred upon them by Con-

gress to determine whether or not a case is removable.''

The judgment of the circuit court being in accord with the conclusions we have expressed it is hereby affirmed.