## Hopkins v. Jones.

(Decided December 16, 1921.)

### Appeal from Whitley Circuit Court.

1. Easements—Prescription.—Where one claims a prescriptive right to a passway in common with others of a limited community and participates in a suit to establish that right, though not a formal party to the suit, he is nevertheless bound by the proceedings and judgment therein.

2. Appeal and Error—Res Judicata.—The doctrine of res judicata as announced by this court means that where a question or a fact is once litigated and determined by the judgment of a court of competent jurisdiction, no question or fact that was litigated or could have been litigated therein can thereafter be re-litigated by the same parties or their privies.

3. Appeal and Error—Res Judicata.—It is not essential to the application of the doctrine of res judicata that the person against whom it is invoked be a formal party to the first proceeding, but if he participated in the former suit, having a common interest therein with the formal parties to the action and with the view of establishing a common right, he is bound by the judgment therein so far as it adjudicated that right.

4. Judgment—Binding Effect Upon Class.—Where one of a class, having common interests, is selected and designated to act for and on behalf of that class in instituting and prosecuting a suit, the proceedings and judgment in such a suit are binding on all of the class.

R. L. POPE and TYE & SILER for appellant.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Two questions are raised on this appeal:  The first, that of the right of appellant to a mandatory injunction

against appellee compelling her to remove gates and obstructions on a passway over her land which appellant claims, and perpetually enjoining and restraining her from again obstructing the passway, and the second, whether or not the subject matter of this controversy has already been so adjudicated and determined in a similar case as to require the application of the doctrine of res judicata.

The appellee, Mary Jones, is the owner of a small tract of land in Whitley county adjoining a tract of land owned by appellant, Chester Hopkins, over both of which there was a passway used by the people in that community for a number of years. That part of the passway on the land of appellee ran through woodland until a few years ago when she had the land cleared and fenced, but by putting up gates left the passway free to be used. The gates were so often left open or torn down that it was impossible to cultivate the land, and later the appellee closed the passway entirely.

Appellant brought this action seeking to compel appellee to remove the gates and obstructions to the passway and perpetually to enjoin her from again obstructing it. He alleged that the passway had been used continuously and as a matter of right by himself and others living in that community for more than forty years, and, further, that he was the owner of and resided on a part of the old Addison LeForce farm, which was contiguous to the farm of appellee, and those under whom he claimed title and others living on and along the passway had used it continuously as a matter of right for more than forty years as a public way. The passway was not claimed as a way of necessity or as a right peculiar to appellant, but as a prescriptive right to which he and other members of his community were entitled.

The answer of the appellee denied the material allegations of the petition, and the third paragraph thereof pleaded a judgment of the Whitley circuit court, wherein this action was filed, in the case of Garrett LeForce v. Mary Jones, the appellee herein, of date September 16, 1917, as a determination and adjudication of the matters declared on and the questions raised in appellant's petition. A demurrer was filed to this paragraph of the answer but was not ruled on until the final submission of the case, though a reply was filed by appellant. On the final submission of the case the demurrer was sustained, but a judgment was rendered dismissing the petition on

the issues raised by the allegations therein. The appellant prosecutes this appeal from that judgment, and a cross appeal has been prosecuted from the judgment dismissing the third paragraph of appellee's answer.

The pleadings, orders and judgment in the Garrett LeForce case were set out in full in the plea of res judicata interposed by appellee, and it was alleged that the matters sought to be litigated in the suit filed by appellant were litigated and determined in the Garrett LeForce case, that the parties who were interested in and were prosecuting the present suit were the same parties, including the plaintiff, who were interested in and had prosecuted the former suit, which had been tried and in which a judgment had been rendered dismissing the petition, which judgment had not been appealed from, superseded or set aside but was still in full force and effect. The petition in the suit filed by Garrett LeForce alleged that plaintiff and others living in that vicinity had used the passway in controversy continuously and as a matter of right for more than twenty years, that the same had been wrongfully closed and obstructed by Mary Jones, and prayed for a mandatory injunction requiring her to remove the gates and obstructions she had erected thereon.

The necessity of deciding the questions raised by the petition depends on the applicability of the plea of res judicata. On that phase of the case the evidence shows that J. H. Hopkins, the father of Chester Hopkins, had actively interested himself in the bringing and prosecuting of the LeForce suit, and that he was the active agent in initiating and managing the present suit; that Chester Hopkins had participated in the former suit by contributing to the expense thereof through his father, who had procured the witnesses in that case as he had done in the present case. It also shows that Garrett LeForce is an uncle of Chester Hopkins, and that when the former suit was filed Chester Hopkins resided where he was residing when this suit was filed, on a part of the Addison LeForce farm, and that Garrett LeForce at the time of filing his suit also resided on a part of that farm. It was further shown that the expenses of the former litigation were borne by those in the community, including appellant, who conceived their interests to be adversely affected by the action of Mary Jones in closing the passway, and that a similar arrangement had been concluded with

reference to this litigation, though in neither case were the amounts of the respective contributions shown.

Chester Hopkins was not a formal party to the first suit, and if the plea of res judicata is to prevail it must be on the ground that he was a real party in interest or had such a privity of interest in the former suit as would bind him on the matters and questions therein adjudicated. His interests have not changed since the former litigation nor was there any matter set up in his petition that was not or could not have been set up and adjudicated in the former case. He participated in the former litigation to the extent. of contributing to the expense thereof, and, aside from testifying in the present case, there was no material difference in his activities and interests as shown in this case and in the former. Certainly his interests were the .same as those of Garrett LeForce, and this he recognized by helping LeForce in his effort to retain the passway for the community.

The doctrine of res judicata, as often announced by this court, means that where a question or a fact is once litigated and determined by the judgment of a court of competent jurisdiction, no fact or question that was litigated or could have been litigated therein can thereafter be re-litigated by the same parties or their privies. (McDaniel v. Stums' Admr., &c., 23 Ky. L. R. 1935; Holtheide v. Smith's Guardian, 27 Ky. L. R. 60; Hardwicke, &c., v. Young, 110 Ky. 504; Sumrall v. Maninni, 124 Ky. 67; Elswick v. Matney, 132 Ky. 294; Vincent, etc. v. Blanton, etc., 134 Ky. 590; Jefferson, Noyes & Brown v. Western National Bank, 144 Ky. 62; Wood v. Sharp's Admr., 159 Ky. 46.)

In the Sumrall case, *supra*, this court, quoting with approval from Freeman on Judgments, section 249, said:

"There is no doubt that a judgment or decree necessarily affirming the existence of any fact, is conclusive upon the parties or their privies whenever the existence of the fact is again in issue between them, not only when the subject matter is the same, but, when the point comes incidentally in question in relation to a different matter in the same or any other court, except on appeal, writ of error, or other proceeding provided for its revision."

Hardwicke v. Young, referred to, was a suit to enjoin the collection of school taxes on the ground that they were imposed in violation of the Constitution. The appellants pleaded the judgment in a former action between

the parties, in which the appellee had sought an injunction on the ground that his property was not taxable in that school district. Reviewing the authorities, this court held that the subject matter of the litigation in each case was appellee's liability for the tax, that it was appellee's duty to present in the first suit all the defenses relied on in the second suit that could have been presented, and the judgment in the first suit was not only an adjudication of the matters actually presented but also of all matters that might have been presented and was accordingly a bar to the prosecution of the second action.

There is an elaborate discussion of this principle in Schmidt v. L. C. & L. Ry. Co., 99 Ky. 143, where it was held that it is not essential to its application that a person actually be a party to a suit, but if he interests himself in the suit and prosecutes or defends it and does those things which a party to the action ordinarily does he is bound by the judgment. Among the cases cited with approval in that opinion is Cole v. Favorite, 69 Ill. 457, which defines the doctrine in its application to persons on whose behalf and under whose direction a suit is prosecuted or defended in the name of some other person. In such cases the well settled rule is that parol evidence is admissible to show who are the real parties in interest, and that they are conducting the litigation in the name of other parties.

And so it has been held that a landlord was bound by a judgment in a suit between his tenant and another party, although not a party, because the landlord conducted the defense. And where one, though not a party, defends or prosecutes an action by employing counsel, paying costs and doing those things which are usually done by the party to the suit he will be bound by the judgment rendered therein. (Landes v. Hamilton, 77 Mo. 565; Stoddard v. Thompson, 31 Iowa 801.)

We have held that a surety of a fiduciary is bound by a settlement of such fiduciary's accounts, in an action instituted for that purpose, and the surety cannot in a subsequent action of the fiduciary question the correctness of the judgment or the settlement. (Clark v. Newman's Admr., 20 Ky. L. R. 1339; U. S. Fidelity & Casualty Co. v. Carter, et al., 158 Ky. 737.)

No inflexible rule construing the words "parties and privies," as used in the authorities referred to, can be defined, for every case has its distinguishinig features, which are the controlling factors in its decision. It can

be said, however, that the purpose of the doctrine, as announced by the decisions of this court, is to prevent parties, whether formal or real, from re-litigating questions theretofore litigated by the same parties. With this rule in mind it is not difficult to determine the effect of the Garrett LeForce suit on the rights asserted by appellee in this proceeding. By the plea interposed by appellee and the evidence introduced in support of it, it is shown that the interests of appellant in the first suit were identical with those of the plaintiff in that action and similarly identical with appellant's interests in the present action. In each case, by arrangement with others having like interests, appellant was to contribute to the expense of the litigation, which was mainly under the direction and management of his father. The end to be attained in each case was the same, that of opening the passway claimed by the community to which appellant belonged, and in seeking that end appellant acted in concert with those having a common interest with him. His interests were inseparably allied with those of his neighbors, and recognizing that common interest he elected to act with them. His co-operation with the plaintiff in that case was a recognition of the ultimate effect of the judgment in that case upon the rights which he is now asserting, and which were common to those of the plaintiff in that suit and to others living in the community where he resided. Though not a formal party to that proceeding, he was a real party in interest and consequently cannot now question the conclusiveness of the judgment rendered in that case.

There is another principle, slightly differing in its scope from that of the general rule referred to, on which appellee's plea must be upheld, and that is where one of a class with common interests is selected and designated to act for and on behalf of that class, in instituting and prosecuting a suit, the proceedings and judgment in such a suit are binding on all the class. (Green County, et al. v. Lewis, et al., 157 Ky. 490; Stone, et al., v. Winn, et al., 165 Ky. 9.)

The appellant asserted no right peculiar to himself, but rested his claim upon the right of prescription common to those in the community where he lived. And so likewise did Garrett LeForce in the first suit. If the asserted right in that proceeding had been established, the inevitable effect would have been a favorable adjudication of the right asserted by appellant in this action.

Having prosecuted the first suit to a judgment appellee, and all others in that community claiming the same right, must be held bound by that judgment, otherwise every member of a limited community, claiming an interest in a common right, could maintain and prosecute a separate action involving the same right and subject matter, and in this manner destroy the power of resistance of him against whom the right was asserted. The object of civil courts is to secure repose for society by adjudication of controversial matters. That object would be defeated if all the parties, having a community of interest, were allowed to bring and maintain as many suits on the same cause of action as there were different names among them in which the suits might be brought.

The relief sought in the first suit was the same as that sought in the second. It was founded on an asserted prescriptive right by a limited community to use a passway. The appellant, having a common interest with that of the plaintiff in the first suit, participated in the prosecution of that suit. The policy of the law would be violated by allowing appellant now to maintain another action on the same subject matter, since in the first proceeding the right that he is now claiming was adjudicated.

The plea interposed by appellee must be held to present a valid defense to the cause of action asserted in the petition. In that view of the law it is unnecessary to pass on the merits of the issues raised by the allegations of the petition. It is sufficient to say that the petition was properly dismissed, and, while the plea of *res judicata* should have prevailed, its equivalent is included in the final judgment, which is affirmed.