## Nugent Sand Co. v. Inland Waterways Co.

(Decided June 23, 1933.)

W. G. DEARING, WOODWARD, HAMILTON & HOBSON and G. OLDHAM CLARKE for appellant.

BLAKEY, DAVIS & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In May, 1922, the city of Louisville and the appellee, Inland Waterways Company, entered into a lease agreement whereby the city leased to the waterways company certain lands owned by it extending along the Ohio River bank, known as the river frontage.

At the time the lease contract was entered into certain portions of the eastern tract had theretofore

been leased to various other parties for various terms, one tract of which had been leased originally to the O'Neill Coal & Coke Company in October, 1912, for a period of five years with the privilege of renewal for five years which extended it to September 30, 1922. This lease was assigned by the O'Neill Coal & Coke Company to the Pittsburg Coal Company and by the Pittsburg Coal Company to Wm. F. Nugent for the appellant, Nugent Sand Company. This assignment was made May 31, 1917, and was in force when the lease to appellee, Inland Waterways Company, was executed on May 15, 1932. No rights to the Inland Waterways Company were given it in the lease from the city except upon the failure of the appellant sand company, to renew its lease when same expired as follows:

"It is recognized by the parties hereto that certain of the land hereinabove described is now under lease by the City to third persons, not parties hereto. This shall include a lease to the Pittsburg Fuel Co., expiring in 1922. This agreement is made subject to said outstanding leases in the company shall neither have nor exercise hereunder any right to so much of said land as is under lease to said third persons until said leases severally expire according to their several terms; but when and as said leases to said third persons severally expire, then each and every parcel of land so freed of lease obligations to said third persons and singular shall pass to Company under the terms of this agreement and subject to the conditions named herein."

Article 3, paragraph 2, of the Inland Waterways Company's lease also contains the following provisions:

"Should the present tenants on any of the leased premises referred to in Article 2 hereof desire to extend their leases and pay a fair rental based on rentals then being paid by other tenants, and should the parcels occupied by them not be needed by the said Company for immediate development, then the said tenants shall be entitled to a renewal of the said leases on terms to be then agreed on. Otherwise, the property so leased shall pass under this lease and the said Company shall pay therefor the rental paid by the former tenant."

It is the contention of the appellee waterways company that appellant sand company failed to renew its lease as provided for in the lease contract between the city and appellant, and, therefore, under the provisions of its lease above quoted, the property so leased to appellant passed to appellee and appellant then became the tenant of appellee.

It appears from the record that appellant continued to occupy and use the property embraced in its original lease with the city from September, 1922, to January, 1927.

In 1926, appellee waterways company instituted this action in the Jefferson circuit court for the purpose of recovering rents from appellant for the use of the property for the period between September 30, 1922, and the time of the filing of the action. From time to time amended petitions were filed asking for additional sums which accrued after the filing of the original suit. A trial was had and resulted in verdict and judgment in favor of the appellee, plaintiff below, and both parties filed motion and grounds for a new trial which were sustained by the trial court and each party was granted a new trial. Additional pleadings were filed by the respective parties from time to time, and another trial had in October, 1931, which resulted in a verdict and judgment in favor of appellee in the sum of $1,312.10 on one count and an additional sum of $400 on another count. Both parties again filed motion and grounds for a new trial which the court overruled, and the Nugent Sand Company appeals.

Appellant in its brief assigns a number of alleged errors and reasons for reversal.

It is first insisted for appellant that the appellee had no title to the property by the terms of its lease with the city for which it recovered rents. In response to this contention, appellee cites and relies upon the case of Inland Waterways Co. v. City of Louisville, 227 Ky. 376, 13 S. W. (2d) 283. In the case supra, the question of the validity of this same lease between the city and the waterways company was determined. The Nugent Sand Company, appellant herein, was made a party to that action and called upon to assert whatever claims or interest it had in the leased property. It was held by this court in the case supra, that the lease be-

tween the city and appellee was valid. The appellant having been a party to that litigation and the rights of the parties having been adjudicated, res adjudicata applies. Hopkins v. Jones, 193 Ky. 281, 235 S. W. 754; City of Newport v. Newport National Bank, 148 Ky. 213, 146 S. W. 377. The appellant will not now be heard to question the validity of the lease between appellee and the city.

The further point is made for appellant that appellee waterways company had no authority or right under the terms of its lease to sublease the property for the purposes which the appellant was using it.

The articles of incorporation of the Inland Waterways Company under article 3, which sets out and enumerates its objects and powers, among other things, provide: "To acquire, hold, rent, lease and convey lands. * * *" And it further provides:

"The said company (appellee) may sub-lease parts of said parcels, or either of them for warehouse sites and other purposes incident to river terminal operations, subject, however, to the obligations assumed by said company in Article 5 herein."

Article 5 does not deal with the question or right of appellee to sublease the property, and gives no light on this topic. If the city had questioned the right of appellee to sublease the property, a different question might be presented. But if appellant occupied or used property covered by lease of appellee for which appellee was paying rents to the city, appellant cannot interpose this as a defense to payment of rents for the use of the property.

The further point is made for appellant that it had a verbal agreement or contract with the city for a renewal or extension of its lease and therefore the property occupied by it did not pass to the appellee under the terms of its lease with the city. The record discloses that Mr. Nugent, of Nugent Sand Company, discussed with the agents of the city the renewal or extension of his lease prior to the lease to appellee, but it is evident from the record that the negotiations did not materialize and no contract or extension of the lease was consummated. Mr. Nugent in his testimony concludes his story of the negotiations with the city in these words:

"* * * And I said I wanted to renew * * * get an extension of this lease; he said: 'You just stay there until we tell you to get off'; he said 'You go up and stay; we will fix you up a lease as soon as we get a chance; we want to see what they do here first.' The next thing I heard of it they made the lease" (meaning the lease to Inland Waterways Company).

According to Mr. Nugent's testimony he only had negotiated with the city for a renewal or extension of his lease, but the negotiations failed to materialize into a contract with the city. It follows then that there being no renewal of appellant's lease, under the terms of the lease between the city and the appellee, the property occupied by appellant under its previous lease with the city, which it failed to renew, passed to the appellee.

It is further agreed for appellant that the relation of landlord and tenant never existed between it and the appellee. Appellant had knowledge of the lease from the city to appellee and knew that it included the property which it was occupying and continued to use and occupy the same and did not pay any rents to the city, therefor, and according to the undisputed evidence of Mr. Calhoun, a representative of the appellee, appellee paid the city the rents on its entire lease including the portion claimed by appellant, from and after the expiration of appellant's lease with the city. The great weight and preponderance of the testimony is to the effect that Mr. Nugent, representing the Nugent Sand Company, had extensive negotiations with appellee with a view of leasing property of appellee including property covered by its prior lease with the city, and which is included in appellee's May, 1922, lease with the city. There appears in the record a letter of the Nugent Sand Company written by W. F. Nugent, addressed to the Inland Waterways Company, date of December 2, 1923, as follows:

"Inland Waterways Co., P. O. Box 22,
Louisville, Ky.

"At: Mr. Pat Calhoun Jr.

"Gentlemen: We have your letter of Nov. 21st. with bill attached. If you will remember, you proposed to give us 200 feet of the property be-

longing to the wharf west of our property line for the sum of 50 cents per foot running east and west and would make a charge of $1.00 per foot to include the waterfront of the same length. This we accepted at the time and later you asked to take from us 125 feet running east and west, beginning at the west line. This we did not agree to and we would like to be furnished a corrected bill and a lease covering this property for a term of 10 years.

"Yours very truly,

"Nugent Sand Co.

"W. F. Nugent.

"P. S. Kindly return to me the cancelled note of the Nugent Sand Co. I have personal interest in it."

Following this letter we note the following questions and answers thereto:

"And this letter was written more than a year after your lease with the City expired? A. We got a letter where he was going to sue us for the bill and you had the bill for $500 or $600 for the ground instead of $220.

"As a matter of fact, you consulted with me several times? A. Yes, sir, and you said you never could settle with me.

"You offered the Inland Waterways Co. through me $50.00 a year for this property? A. No sir, I never offered it to you at all. I offered it to Mr. Davis.

"You offered one of us $50.00 * * * A. No, I never offered $50.00.

"(Mr. Hamilton) What did you offer? We offered to take and pay them for the 220 feet of the ground and we had it counted up at that time and offered to pay the—it was about seven or eight hundred dollars, and we did it through Judge O'Doherty's nephew, Kearney."

Patrick Calhoun, Jr., vice president for appellee, testified that he personally had negotiations with the

Nugent Sand Company, appellant, looking toward the making of a lease with it covering the area which they were occupying. He says that these negotiations continued over a period of several years between 1922 and the filing of the suit, but that he was unable to arrive at the rental or arrive at exactly what property they wanted to occupy. He says that during these negotiations and as a part of same, he and the Nugents walked over the property several times.

In view of the undisputed testimony for appellee and the testimony of Mr. Nugent, for appellant, the conclusion is inescapable that appellant recognized the right of appellee to sublease the property in question. This recognition of appellee's title by appellant created the relation of landlord and tenant, which appellant is now estopped to deny. This rule is so well settled that citation of authority is unnecessary.

The further point is made for appellant that the city of Louisville had no title to the property occupied by appellant for which appellee recovered rent in this action. This position is untenable. Appellant had previously leased this property of the city thereby recognizing its title, and now claims in this action to be the tenant of the city instead of appellee. It will not now be heard to dispute the title of the city.

Appellant in its motion and grounds for a new trial complains of the instructions given by the court, but no mention is made of this complaint in its brief and we therefore treat this objection as abandoned.

Perceiving no error prejudicial to the substantial rights of appellant, the judgment is affirmed.