# Buck Creek Railroad Company et al. v. Copley's Administrator et al.

(Decided March 6, 1934.)

W. R. McCOY, F. M. RIVINUS and HOLT & HOLT for appellants.

J. B. CLARK and A. J. KIRK for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

This is a companion case of Buck Creek Railroad Company et al. v. Haws, 253 Ky. 203, 68 S. W. (2d) — , decided today. The land of the appellees W. D. Copley et al. adjoins that of Haws, and the railroad runs through it a distance of about 600 feet. The verdict and judgment in this case is also for $1,000. The same defenses were made as in the other case, with the additional one of res adjudicata.

When the railroad was being built, the Himler Coal Company sought, and was granted, an injunction in the United States District Court for the Eastern District of Kentucky against Bunyan Triplett and Evaline Copley, from whom the defendants in this case derived title, restraining them from interfering with the construction, operation, and maintenance of the railroad. The same issues were raised as in this case, and the United States court reached the same conclusion we have reached, as expressed in the Haws opinion. However, in the case in the federal court, by an amended petition, the company asserted a right to a 50-foot strip only, and it was adjudged that the Himler Coal Company had a right of way over the Copley land of that width. That judgment is here pleaded in bar of this action. The judgment of a federal court on the merits of a case operates as a bar to a new action in the state courts on the same claim or cause of action. Freeman on Judgments, sec. 1473; Reed v. Whitlow, 43 S. W. 686, 19 Ky. Law Rep. 1538; McCabe's Adm'x v. Maysville & Big Sandy Railroad Company, 136 Ky. 674, 124 S. W. 892; Clinger's Adm'x v. C. & O. Railway Company, 138 Ky. 315, 128 S. W. 1055. The issues having been litigated and adjudicated in a court of competent jurisdiction, they cannot be relitigated by the same parties or their privies. Hopkins v. Jones, 193 Ky. 281, 235 S. W. 754. The trial court, therefore, should have sustained this plea.

For that reason, and the reasons assigned in the Haws opinion, this judgment is reversed, and the case remanded for consistent proceedings.