## Buck Creek R. Co. et al. v. Haws.
## Same v. Copley's Adm'r et al.

(Decided April 28, 1936.)

437

W. R. McCOY, HOLT & HOLT, and F. M. RIVINUS for appel-
lants.

J. B. CLARK for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

These two cases were tried together in the court
below, and they will be disposed of in one opinion.

H. Haws, appellee in the first case, owns 16 acres
of land situated on Buck creek, in Martin county. The
heirs of Evelyn Copley, appellees in the second case,
own 13 acres of land adjoining the Haws land. In 1920
the Himler Coal Company constructed a railroad
through these two tracts of land, and operated it until
November 27, 1924, when it sold the railroad to the
Buck Creek Railroad Company. On May 2, 1925, the
Buck Creek Railroad Company leased the railroad to
the Norfolk & Western Railway Company. The rail-
road right of way extends through the Haws land a dis-
tance of about 1,000 feet, and through the Copley land
a distance of about 600 feet. The appellee H. Haws
instituted an action against appellants on April 16,
1931, to recover possession of the right of way through
his land, or, in lieu of the strip of ground, the sum of
$2,000, its alleged value. He also alleged in his peti-
tion that a strip of his land adjoining the right of way
had been damaged by the construction and operation
of the railroad and was wrongfully held by appellants,
and he sought damages in the sum of $1,000 on this ac-

438

count. On the same day, the administrator of Evelyn Copley, deceased, and her heirs at law instituted an action against appellants to recover possession of the right of way through the Copley land, or $2,000, its alleged value, and $1,000 in damages for alleged injuries to the adjoining land caused by the construction of the railroad. The cases were tried separately, and in each case the jury returned a verdict for $1,000 against the defendants. Both judgments were reversed by this court. Buck Creek R. Co. et al. v. Haws, 253 Ky. 203, 69 S. W. (2d) 333, and Buck Creek R. Co. et al. v. Copley's Adm'r et al., 253 Ky. 211, 69 S. W. (2d) 337.

In the Haws Case, the appellants claimed on the former appeal that the right of way acquired by the Buck Creek Railroad Company, and leased by it to the Norfolk & Western Railway Company, was 80 feet wide; but it was held that since the original deed, under which the appellants claimed title to the right of way, was indefinite as to the width of the strip conveyed for railroad purposes, a right of way of such width as was reasonably necessary for the construction and maintenance of the railroad, and its convenient operation, was contemplated. As there was no evidence that a right of way 80 feet wide was necessary, it was held that section 815 of the Kentucky Statutes was the criterion of reasonableness, and that appellants had acquired and owned a right of way 50 feet in width. It was also held that the five year statute of limitations, section 2515, Kentucky Statutes, was applicable to so much of the suit as claimed damages for trespass outside the reasonably necessary right of way. In the Copley Case, where the same defenses were made as in the Haws Case, with the additional one of res adjudicata, it was held that a judgment of the United States Court for the Eastern District of Kentucky, in a case in which the same issues were raised, was a bar to the action and that the trial court should have sustained the plea of res adjudicata. In the case in the federal court it was adjudged that the Himler Coal Company, appellants' predecessor in title, had a right of way over the Copley land 50 feet wide.

Upon the return of the cases to the Martin circuit court, the appellants filed an answer in each case, disclaiming all land beyond a strip 50 feet in width, and

alleging that they had not reduced to possession, used, or inclosed any land outside of such strip. Haws filed an amended petition alleging that a fill and an excavation had been made outside of the right of way, and a reply to the amended answer in which he alleged that the appellants had wrongfully taken and used his land outside of the right of way and thereby damaged him. These pleadings were traversed of record, and the five year statute of limitations was pleaded. The Copley heirs filed pleadings similar to those filed by Haws, and further alleged that the United States District Court for the Eastern District of Kentucky, by its decree, had required the predecessor in title of the appellants to maintain a creek and railroad crossing, but that this decree had not been complied with. They also alleged that rocks and other material had been dumped in Buck creek, causing the banks on the opposite side to wash away. In an answer, appellants alleged that the acts complained of were done by their predecessor in title, and the five year statute of limitations was pleaded. The cases were tried together, and were submitted to the jury after appellants' motion in each case for a peremptory instruction had been overruled. The jury returned a verdict for $1,000 in each case in favor of the appellees.

The appellees sought to recover, as in ejectment, the strip of ground used as the railroad right of way, or its money value; and they also sought to recover damages for trespasses outside of the right of way which occurred during the construction of the railroad, and subsequently during its operation and maintenance. On the former appeals it was held that the appellants owned a right of way 50 feet in width, and it was also held that the five year statute of limitations was applicable to the alleged trespasses. The appellees admit that the alleged trespass occurred more than five years before the actions were instituted, and before the Buck Creek Railroad Company acquired the right of way. They undertook to prove that the Himler Coal Company built a fill, when the railroad was constructed in 1920, about 300 or 400 feet in length, the base of which extended beyond the 50-foot strip. The appellees and their witnesses admitted, however, that the fill would not serve the purpose for which it was intended, if it stood on a narrower base. In other words, it was

reasonably necessary to take more than 50 feet at that point in order to construct and operate a railroad. In the opinions on the former appeals, it was said that there was no evidence that an 80-foot right of way through plaintiffs' lands was necessary, but on the second trial plaintiffs, by their own evidence, showed that more than 50 feet was necessary and that no more land than was reasonably necessary had been taken. The proof shows that the appellants have not used more than 50 feet, and have not committed any trespasses outside of the right of way.

If the Himler Coal Company, while constructing the railroad in 1920, encroached upon appellees' lands by depositing rock, dirt, and debris outside of the 50-foot right of way, and at a place where it was not reasonably necessary in the construction of the railroad, it committed a trespass, but appellants cannot be held liable for the trespasses of their predecessor in title. Louisville & N. R. Co. v. Orr, 91 Ky. 109, 15 S. W. 8, 12 Ky. Law Rep. 756. Furthermore, actions for any trespasses committed by the Himler Coal Company are barred by the five year statute of limitations. Thus, the appellees are on the horns of a dilemma. Either the taking of more than 50 feet at the time the railroad was constructed was necessary, according to their own evidence, or the depositing of stone and dirt beyond the 50-foot strip was a trespass committed by the Himler Coal Company more than five years before the actions were instituted. In neither event are appellants liable.

In their amended petition the Copley heirs alleged that, under a decree of the United States District Court for the Eastern District of Kentucky, the appellants and their predecessor in title were required to maintain and keep in good condition a creek crossing, as well as a railroad crossing, on the Copley land, but that the appellants had failed and refused to do so. The opinion and decree in the case referred to, which was an action by the Himler Coal Company to enjoin Evelyn Copley from interfering with the construction, maintenance, and operation of the railroad through her land, show that the crossing which the Himler Coal Company was to maintain "should be at such point as the defendant selects." There is no proof, and it is not claimed, that Evelyn Copley, or any of the appellees, ever selected a point at which the crossing should be constructed, or

called upon the appellants to construct a crossing over the right of way. Even if appellants are bound by the decree referred to, the duty of constructing the crossing did not arise, since a location for the crossing was not selected by Evelyn Copley, or the appellees. The claim of the Copley heirs that appellants wrongfully dumped rock and dirt into Buck creek and caused it to wash away their land outside the right of way is not sustained by the evidence. Buck creek at one point cut a hole in the embankment upon which the railroad was constructed, and the appellant Norfolk & Western Railway Company merely filled this hole with rocks in order to preserve and protect its roadbed. There is no evidence that the work was negligently done or that any trespass was committed.

Other grounds for reversal of the judgments are relied upon in appellants' brief, but it is unnecessary to discuss them since, for the reasons indicated, we have concluded that the circuit court erred in overruling appellants' motion for a directed verdict in their favor in each case.

The judgment in each case is reversed for proceedings consistent herewith.