**Bessie MILLS, Appellant,**

v.

**Cordelia TAYLOR et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 12, 1958.

Cleon C. Calvert, Pineville, for appellant.

H. M. Tye, Barbourville, J. B. Johnson, Williamsburg, E. F. Prichard, Jr., Lexington, for appellees.

STANLEY, Commissioner.

This is a relic of litigation precipitated by the execution of a deed by A. Y. Mills to his two sons, Matt and Sawyer, in July, 1923. It is Kentucky's Jarndyce v. Jarndyce. The first appeal in the case was decided in November, 1935. This and another decided today are the fifth and sixth appeals, 320 S.W.2d 111. The present appeal involves a question which does not appear in the other appeals.

In a suit of the First National Bank of Barbourville, the conveyance of certain property by Matt Mills to his wife, Bessie, was adjudged fraudulent and the deed was set aside. It was adjudged that "said land or a sufficiency thereof be sold to satisfy the plaintiff's debt, interest and costs," and that the Master Commissioner should sell "said land" in the manner directed. The bank's debt, interest and costs amounted to $725.16. The Commissioner's deed recites that "the property was sold in accordance with said order on 26 of January, 1942" for that sum to Fannie Marsee Mills and pursuant to an order confirming the report of sale, the Master Commissioner on May 3, 1947, conveyed to Fannie Marsee Mills "a 1/8 undivided interest in fee and 1/2 undivided interest in the life estate in an undivided 3/4 interest" in the tract described. However, the deed recites that "the interest in the life estate in the 3/4 of the above tract is owned jointly by Sawyer A. Mills and Matt Mills, the survivor to take" the entire life estate. It further states that the "Commissioner conveys all the right,

title and interest, legal and equitable, of the said Matt Mills and Bessie Mills."

The appellant, Bessie Mills, on June 8, 1954, filed an intervening petition in this series of cases, in which she alleged that the bank had sought a cancellation of the deed to her above described "so far as such cancellation might be necessary in order to liquidate said judgment;" that that was done and the sale and conveyance of the Master Commissioner to Fannie Mills was in accordance therewith.

The intervening petition charges the defendants, Cordelia Taylor, Winnie Edwards and Dicey Jackson, were claiming without right to have a vested remainder interest in the ⅜ of Matt Mills' interest in the land remaining in the intervenor after the bank's debt had been satisfied. The former judgment which set aside the deed as fraudulent was never vacated and the court held that it precludes the intervenor, Bessie Mills, from maintaining her action; that she was also precluded by laches; and that all of Matt's interest in the property had been sold by the Master Commissioner to satisfy the bank's judgment. The intervening petition was thereupon dismissed and this appeal is prosecuted from that order.

The appellant submits that a deed which has been determined to have been executed to defraud creditors is valid as between the grantor and the grantee after the creditors have been satisfied, and the grantee is entitled to the remnant or residue, because the court leaves the parties where they placed themselves. See 37 C.J.S. Fraudulent Conveyances § 283; 24 Am. Jur., Fraudulent Conveyances, Sections 116, 230, 236.

Conceding for the argument that the point is good law where the premise has been established, it cannot be given effect or applied in this case. The appellant contends that there was sold by the Master Commissioner to satisfy the bank's debt ⅛ of Matt's interest in the fee and the life estate in the remaining ⅜ interest, so that

Matt, or his grantee, Bessie, had left the remainder interest in Matt's ⅜ fee interest. The difference in the fractional interests (¾ and ⅜) may have resulted from later adjudication of Matt's share in the property. The record shows that the creditor's judgment set aside the conveyance in toto. and directed the sale of the debtor's entire interest in the land. The Master Commissioner's deed does recite as stated above that what was sold and conveyed was ⅛ in fee and a life estate in ¾ interest, yet the deed proceeds to convey under the judgment of the court Matt Mills' *entire interest* in the land. The conveyance to the purchaser, Fannie Marsee Mills, was of that entire interest.

We must hold that the appellant, as intervening petitioner, was barred by the doctrine of res judicata for she was a party to the suit. See Hopkins v. Jones, 193 Ky. 281, 235 S.W. 754. The judgment is therefore affirmed.